### In re ESTATE OF Robert T. TIGUE, Deceased.

### Appeal of Margaret M. Tigue and Sara Compton, Appellants.

Superior Court of Pennsylvania.

Submitted Nov. 27, 2006.

Filed May 18, 2007.

Hugh Rechner, Honesdale, for appellant.

Douglas P. Thomas, Scranton, for appellee.

BEFORE: FORD ELLIOTT, P.J.,

ORIE MELVIN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Decedent's sisters appeal the order of the Pike County Orphans' Court which affirmed the register of wills' appointment of Appellee, Patrick Tigue, as personal representative of Decedent's estate. We vacate the order and remand for the register to appoint a representative in conformance with 20 Pa.C.S.A. § 3155.

### Facts

¶ 2 Decedent's will named his wife as executrix and Thomas Tomasky as alternate executor. The will left the residuary estate to Decedent's wife and, in the alternative, to an individual identified in the will as his son. There appears to be some dispute between the parties, unresolved by the record before us, as to whether this individual was in fact Decedent's son. He may or may not have been adopted by Decedent. The parties seem to agree that this individual is dead. Despite this agreement, we note that, again, the certified record provided to us does not make clear if he is dead or alive. Ultimately, however, these uncertainties will not affect our ruling in this case.

¶ 3 Before his death, Decedent and his wife divorced. Following Decedent's death, Appellants filed a petition for citation to compel the production of the will, which was evidently in Appellee's possession. Appellee then produced the will at a hearing held by the register.

¶ 4 The record contains no transcript of this hearing or any other such hearing held by the register. As such, we glean the register's determinations from its various orders issued in 2004. The register found that, because of the divorce, Decedent's former wife was not entitled to serve as executrix or to take under the will. (This conclusion is consistent with 20 Pa.C.S.A. § 2507(2).) Apparently based on representations from Tomasky's attorney, the register anticipated that Tomasky would renounce the right to be executor. Finding that Wayne Bank ("Bank") was the principal estate creditor, the register then issued letters of administration to Bank under 20 Pa.C.S.A. § 3155(b)(4) (making a decedent's principal creditor one of the persons entitled to preferential treatment in the grant of letters of administration).

¶ 5 Tomasky subsequently signed a renunciation in favor of Appellee. Appellee then petitioned the register for grant of letters. The register revoked its earlier order appointing Bank as administrator and, citing an unspecified technical error, issued letters of administration *cum testamento annexo* (CTA) to Appellee.

¶ 6 Appellants filed with the orphans' court a petition for citation *sur* appeal from the register's order. The court held no hearing, denied the appeal, and affirmed the register's order. Appellants appealed to this Court.

¶ 7 On appeal, a panel of this Court found, *inter alia*, that the orphans' court had not made a determination that the order in question was a final order. The panel memorandum pointed out that, under Pa.R.A.P. 342, an orphans' court order determining the status of individuals shall constitute a final order upon a determination of finality by the orphans' court. After quashal of the appeal, the orphans' court order was then entered on the docket as a final order. Appellants subsequently filed this appeal.

### Legal Principles

¶ 8 When there is a will, but no executor qualifies, letters of administration CTA

---

* Retired Senior Judge assigned to the Superior Court.

may be granted to one or more of the persons entitled thereto. 20 Pa.C.S.A. § 3158. The persons entitled thereto are listed in 20 Pa.C.S.A. § 3155. *In Re Estate of Dilbon*, 456 Pa.Super. 490, 690 A.2d 1216, 1218 (1997); Comment to 20 Pa. C.S.A. § 3158. In pertinent part, Section 3155 provides as follows:

### § 3155. Persons entitled

**(a) Letters testamentary.**—Letters testamentary shall be granted by the register to the executor designated in the will, whether or not he has declined a trust under the will.

**(b) Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

(1) Those entitled to the residuary estate under the will.

(2) The surviving spouse.

(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

(4) The principal creditors of the decedent at the time of his death.

(5) Other fit persons.

(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

(7) A guardianship support agency serving as guardian of an incapacitated person who dies during the guardianship administered pursuant to Subchapter F of Chapter 55 (relating to guardianship support).

20 Pa.C.S.A. § 3155.

¶ 9 As this statute makes clear, it is the register who has the authority and duty to issue letters. *In Re Estate of Klink*, 743 A.2d 482, 485 (Pa.Super.1999); 20 Pa.C.S.A. §§ 711(12), 901, 3155(a), (b). When doing so, the register has some degree of discretion in selecting the appointee. *Dilbon*, 690 A.2d at 1218, 1219. However, that discretion must be exercised within the strictures of 20 Pa.C.S.A. § 3155. *Klink*, 743 A.2d at 484. More specifically, the register can exercise discretion only within the class of entitled persons and cannot, without good cause, deviate from the order of appointment set forth in the statute. *Id.; Dilbon*, 690 A.2d at 1218, 1219.

¶ 10 The register's decision to issue letters is a judicial act. *Estate of Osborne*, 363 Pa.Super. 200, 525 A.2d 788, 794 n. 9 (1987). A party contesting that act may appeal to the orphans' court. *Dilbon*, 690 A.2d at 1218, 1219. In turn, a party challenging a ruling of the orphans' court may, of course, appeal to this Court. *See Klink*, 743 A.2d at 484; 42 Pa.C.S.A. § 742.

¶ 11 If the orphans' court has held an evidentiary hearing, we will then afford the court's findings the same weight as a jury verdict, and we will disturb the court's decree only if it is unsupported by the evidence or if it includes an error of law. *Dilbon*, 690 A.2d at 1218. However, if the orphans' court did not take evidence, then our appellate review is limited to determining if the register abused its discretion. *Klink*, 743 A.2d at 484. An abuse of discretion is not merely an error in judgment. *In Re Paxson Trust I*, 893 A.2d 99, 112 (Pa.Super.2006). Rather, it involves bias, partiality, prejudice, ill-will,

or misapplication of law. *Id.* If we do find an abuse of discretion, one option is for us to vacate the order of the orphans' court which upheld the issuance of letters, and then remand the case for an appropriate appointment by the register in accordance with 20 Pa.C.S.A. § 3155. *Estate of Fritz v. Fritz,* 798 A.2d 243, 245 (Pa.Super.2002).

### Analysis

¶ 12 The will named an executrix and an executor, but neither one ever qualified before the register. Therefore, the register had the duty to issue letters of administration CTA according to 20 Pa.C.S.A. § 3155. The register did issue letters, and Appellants appealed to the orphans' court. The court did not hold an evidentiary hearing. Therefore, on this appeal, we will make the decision as to whether the register abused the discretion afforded by 20 Pa.C.S.A. § 3155.

¶ 13 The order appointing Appellee includes the following language:

> ... [I]t appearing to the Register that [Tomasky] has renounced his right to administer the estate ... in favor of [Appellee]; and it appearing ... that [Appellee] is a relative and is fit and proper to serve as administrator ...

Order of the Register, 10/08/04, at 1.

¶ 14 Based on this order, the register's decision to appoint Appellee rested primarily on Tomasky's apparent desire to have Appellee serve as administrator. The register's order cites no authority for the proposition that Tomasky, as a potential executor, had the power to select an administrator. We note that the orphans' court opinion similarly lacks any legal citations for this proposition.

¶ 15 Under 20 Pa.C.S.A. § 3155(b)(6), the register may appoint an administrator who has been nominated by a person who is entitled to letters of administration but

who renounces that right. Appellee argues that Tomasky was entitled to letters testamentary under 20 Pa.C.S.A. § 3155(a), that he renounced, that he nominated Appellee, and that Subsection 3155(b)(6) therefore authorizes the register to appoint Tomasky's nominee. This argument is specious. By structure alone, Subparagraph 6 falls under Subsection b, not Subsection a, of § 3155. Consistent with this structure, the very words of Subparagraph 6 refer to nominees of persons who are entitled to letters of administration, not nominees of persons who are entitled to letters testamentary under Subsection a. Additionally, the record does not demonstrate that Tomasky himself has any personal interest in or connection to the estate such that he might be one of the entitled persons under 20 Pa.C.S.A. § 3155(b). In sum, we find that 20 Pa. C.S.A. § 3155 does not provide legal authority to appoint Appellee as administrator merely because he was Tomasky's nominee.

¶ 16 One might wonder why a nomination made by one of the potential administrators listed in § 3155(b) is afforded preference while a nomination by a named executor is not. There are two reasons. First, as we have just demonstrated, the words of the statute are plain. We, and the registers of this Commonwealth, must follow those words. *In re Kritz' Estate,* 387 Pa. 223, 127 A.2d 720, 723 (1956) (holding that when the words of a statute are plain, they must be followed). Second, this preference is consistent with the idea that persons having a personal interest in an estate are most likely to administer it beneficially. *Brokans v. Melnick,* 391 Pa.Super. 21, 569 A.2d 1373, 1376 (1989). By definition, the persons listed in § 3155(b) have an interest in the estate. It stands to reason that, given their interest, any nomination of an administrator which they might make upon renunciation under

§ 3155(b)(6) should be afforded some weight.

¶ 17 By contrast, persons named as executors might or might not have an interest in the estate other than being named. We cannot speculate as to why a testator might name one executor or another. What we do know, however, is that, when the testator's choice of an executor fails, the law must have some principled approach to choosing an administrator CTA. The principles guiding that choice are that persons who have no interest in an estate have no right to nominate and that persons interested in the estate must be given preference pursuant to 20 Pa.C.S.A. § 3155. *Brokans,* 569 A.2d at 1376. The register must follow the statute.

¶ 18 This Court acknowledges the occasional reality that named executors sometimes renounce their rights, that they might in fact nominate third parties to serve, that registers of this Commonwealth might appoint those third parties, and that such estates often proceed without objection. This is not such a case; there are objections. The question for us, therefore, is whether a nomination by a renouncing named executor allows the register to appoint an administrator outside of the order set forth in 20 Pa.C.S.A. § 3155. We hold that it does not.

¶ 19 Another observation is in order. The appendix to the orphans' court rules contains a renunciation form which includes a section wherein the renouncing party can nominate another person to receive appropriate letters from the register. Pa.O.C.R. Appendix, Form RW–06. As a day-to-day matter, this form may well help to facilitate the issuance of letters and the smooth administration of estates. A register can certainly consider the request of the person submitting the form. Surely, however, a register must still follow the statute, 20 Pa.C.S.A. § 3155. Requests on a form cannot trump the law.

¶ 20 One use of this form might occur when a person entitled to letters of administration pursuant to 20 Pa.C.S.A. § 3155(b) submits the form to effectuate the type of renunciation and nomination contemplated by § 3155(b)(6), discussed *infra.* In the present case, Tomasky, as named executor, used a similar form to nominate Appellee. As we now make plain, this mere request by Tomasky did not relieve the register of the duty to comply with the statutory dictates of § 3155.

¶ 21 Next we see that the register's order reveals that Appellee's status as a relative of Decedent played some role in the register's decision to appoint Appellee. This fact is interesting because relatives entitled to take under the intestate laws are entitled to certain preferences in being appointed as administrators. 20 Pa.C.S.A. § 3155(b)(3). The preferential order depends on the size of each person's intestate share. The size of a person's intestate share depends, of course, on the closeness of relation. *See* 20 Pa.C.S.A. § 2103.

¶ 22 While the order refers to Appellee as a relative, it does not specify that relation. (We recognize that the parties seem to agree that Appellee is Decedent's nephew.) Most importantly, however, the order does not provide any analysis as to how and why Appellee's particular relation to Decedent entitles him to preference over Decedent's sisters. In short, the register's order reveals no effort to apply 20 Pa.C.S.A. § 3155(b)(3).

¶ 23 The register's order also finds that Appellee is a fit and proper person to serve as administrator. This finding might be a reference to 20 Pa.C.S.A. § 3155(b)(5) (indicating that "[o]ther fit persons" may be appointed administrators), or it might merely be a general

determination by the register without any intended reference to § 3155(b)(5). In any event, the order does not show any application of, or analysis under, 20 Pa.C.S.A. § 3155 as to why Appellee's status as a fit person entitles him to appointment preference over Decedent's sisters in the statutory scheme.

¶ 24 Appellee argues that, because of a purported assignment of rights from the legal guardian of the minor daughter of Decedent's adopted and now deceased son, Appellee has become entitled to the residuary estate under the will. As such, he claims he is also entitled to appointment as administrator under 20 Pa.C.S.A. § 3155(b)(1) because that subsection gives preference to residuary beneficiaries. We will address Appellee's argument only to say that the purported assignment, while attached to Appellee's brief, is not part of the record. This Court does not rely on facts *dehors* the certified record. *Commonwealth v. Montalvo*, 434 Pa.Super. 14, 641 A.2d 1176, 1183 (1994). Consequently, Appellee's argument on this point fails.

¶ 25 We do not know who is entitled under 20 Pa.C.S.A. § 3155 to serve as administrator of this estate. However, we do know that Appellee was appointed without any evidence that the register applied the relevant law, either by following the order of appointees set forth in § 3155(b) or by exercising his discretion to deviate from that order for good cause. Rather, the register appointed Appellee based mainly on the wishes of someone who declined to be executor. Because of the register's misapplication or, more accurately, non-application of the law, we find that the register abused its discretion. Accordingly, we vacate the orphans' court order affirming the register's decision to appoint Appellee as administrator. We remand to the register for the issuance of letters of administration CTA to the appropriate person(s) as determined by the register in conformance with 20 Pa.C.S.A. § 3155.

¶ 26 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.