J-S39042-18

2018 PA Super 272

| IN RE: THE ESTATE OF INGRID HUBER, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| APPEAL OF: MICHAEL BERGER, | : : : : : : : : | No. 1303 MDA 2017 |

Appeal from the Decree July 17, 2017
in the Court of Common Pleas of Bradford County,
Orphans' Court at No(s): 5 Orphans 2017

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.: **FILED OCTOBER 05, 2018**

Michael Berger ("Berger") appeals from the Decree denying his Motion to Issue Citation for Appointment of Personal Representative ("Motion for Appointment") for the Estate of Ingrid Huber, deceased ("Estate"), granting the Petition for Grant of Letters of Administration *C.T.A.* ("Petition for Letters") filed by Kathleen Lewis Yarbrough ("Kathleen"), and directing the Register of Wills to issue Letters of Administration *C.T.A.* for the Estate to Kathleen. We vacate the Decree.

Ingrid Huber ("the Deceased") died testate on November 25, 2016, without issue. The Deceased was survived by her sister, Christiane Yarbrough ("Yarbrough"), as well as Berger and Andrew Linton ("Linton"), her nephews (Yarbrough's sons). The Deceased's Last Will and Testament (the "Will"),

dated January 7, 2003, named Yarbrough as her sole beneficiary.[1]  The Will named Berger as the alternative residual beneficiary, notwithstanding a $5,000 specific bequest to Linton.  Additionally, the Will designated Yarbrough as the Executrix of the Estate.

On April 13, 2017, Berger filed a Motion for Appointment, asserting that Yarbrough was incapacitated and incapable of performing her duties as Executrix.[2]  Berger requested that the Orphans' Court issue a Citation to Yarbrough and Linton to show cause why the court should not appoint Berger, or another competent party, to serve as the personal representative of the Estate.  The Orphans' Court subsequently issued Citations to Yarbrough and Linton, directing them to show cause why Berger's Petition should not be granted.

On May 19, 2017, Kathleen, as attorney-in-fact for Yarbrough, filed an Answer and New Matter, as well as a Petition for Letters, asserting that Yarbrough had executed a Power of Attorney in Kathleen's favor before her incapacitation.  Kathleen stated that Yarbrough, through Kathleen as her attorney-in-fact, refused to renounce in favor of Berger "under any circumstances."  Kathleen also stated that she had obtained a renunciation in her favor from Linton.  Additionally, Kathleen argued that Berger had

---

[1] In his Motion for Appointment, Berger states that the Will was filed in the Office of the Register of Wills of Bradford County on December 16, 2016. However, there is nothing in the certified record to confirm when the Will was admitted to probate.

[2] Yarbrough had been diagnosed with dementia.

subsequently procured Yarbrough's signature on a Power of Attorney, appointing him as her attorney-in-fact, despite her incapacity. Kathleen asked the court to deny Berger's Motion for Appointment, and requested that the court direct Berger to show cause why Letters of Administration *C.T.A.* should not be issued to her. On May 25, 2017, the Orphans' Court filed a Preliminary Decree, directing Berger to show cause why Kathleen should not be issued Letters of Administration *C.T.A.* for the Estate. Berger filed an Answer on June 30, 2017.

By Decree entered on July 17, 2017, the Orphans' Court denied Berger's Motion for Appointment, granted Kathleen's Petition for Letters, and directed the Register of Wills to issue Letters of Administration *C.T.A.* for the Estate to Kathleen. Berger filed both a Motion for Reconsideration and a Notice of Appeal on August 16, 2017.

On August 24, 2017, the Orphans' Court entered an Order, indicating that because Berger filed both his Motion for Reconsideration and his Notice of Appeal on the thirtieth day after the entry of the Decree, the court did not have jurisdiction to act on the Motion for Reconsideration. On August 25, 2017, the Orphans' Court ordered Berger to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days of the date of the Order, and instructed him that "[i]ssues not properly included in the statement timely filed and served pursuant to this [O]rder and Rule

1925(b) are waived." Order, 8/25/17. Berger did not file his Concise

Statement until September 22, 2017.[3, 4]

On appeal, Berger raises the following question for our review:

Did the [Orphans' C]ourt err in making findings and failing to hold a hearing on [Berger's] Motion for Citation for Appointment of Personal Representative despite the existence of substantial factual issues raised in the pleadings?

Brief for Appellant at 1.

Berger claims that the Orphans' Court improperly entered its Decree,

without first conducting an evidentiary hearing, and in spite of the following

factual issues: (1) Yarbrough claimed that Berger is unemployed and a

convicted felon, but he has been employed for 25 years, and had been

---

[3] Berger, through counsel, filed his Concise Statement more than 21 days after the date of the Orphans' Court Order instructing him to do so. **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (stating that "[w]henever a trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner" in order to preserve issues for our review (emphasis in original; citation and brackets omitted)). We observe that the certified record contains a copy of the Notice, dated August 28, 2017, informing Berger that the concise statement Order had been filed. However, there is no indication from the docket that service was actually effectuated on that date. Because we are unable to determine the date of service of the Order due to the lack of recordation in the docket, we decline to find Berger's claim waived on this basis. **See** Pa.R.C.P. 236(b) (providing that "[t]he prothonotary shall note in the docket the giving of notice" of the entry of an order).

[4] On October 2, 2017, this Court issued an Order indicating that the Decree had not been entered on the docket, and directing the Orphans' Court to do so. The Orphans' Court timely responded by submitting a time-stamped copy of the Decree, along with a copy of the docket indicating that the Decree had been filed on July 17, 2017.

pardoned for his crime; (2) Yarbrough had no contact with the Deceased for several years prior to her death; (3) Yarbrough had "effectively blocked" the Deceased's cremation, and did not promptly come forward as the personal representative; (4) there is pending litigation in Florida regarding Kathleen's Power of Attorney; and (5) Berger is named as an alternative residual beneficiary in the Will. Brief for Appellant at 5-7. Berger also argues that, as a residual beneficiary, he should have been appointed personal representative

pursuant to 20 Pa.C.S.A. § 3155(b)(1).[5]  Brief for Appellant at 8-9.  Berger asserts that the Register of Wills should have granted him Letters of Administration *C.T.A.*, or the Orphans' Court should have conducted an evidentiary hearing to make factual findings.  *Id.* at 9.

---

[5] Section 3155(b) prioritizes the various classes of "persons entitled" to letters of administration as follows:

**20 Pa.C.S.A. § 3155.  Persons entitled**

**(b) Letters of administration.--** Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

(1) Those entitled to the residuary estate under the will.

(2) The surviving spouse.

(3) Those entitled to the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

(4) The principal creditors of the decedent at the time of his death.

(5) Other fit persons.

(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

(7) A guardianship support agency serving as guardian of an incapacitated person who dies during the guardianship administered pursuant to Subchapter F of Chapter 55 (relating to guardianship support).

(8) A redevelopment authority formed pursuant to the act of May 24, 1945 (P.L. 991, No. 385), known as the Urban Redevelopment Law.

20 Pa.C.S.A. § 3155(b).

Initially, we examine whether the Orphans' Court had the requisite subject matter jurisdiction to grant Kathleen's Petition and direct the Register of Wills to issue to her Letters of Administration *C.T.A.* for the Estate.

> "It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." **B.J.D. v. D.L.C.**, 19 A.3d 1081, 1082 (Pa. Super. 2011) (quoting **Grom v. Burgoon**, 448 Pa. Super. 616, 672 A.2d 823, 824-25 (1996)). Our standard of review is *de novo*, and our scope of review is plenary. **Id.** (citing **Commonwealth v. Jones**, 593 Pa. 295, 929 A.2d 205, 211 (2007)). "Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs." **Verholek v. Verholek**, 741 A.2d 792, 798 (Pa. Super. 1999) (citing **Lowenschuss v. Lowenschuss**, 396 Pa. Super. 531, 579 A.2d 377, 380 n.2 (1990)).
>
> > Jurisdiction is the capacity to pronounce a judgment of law on an issue brought before the court through the due process of law. It is the right to adjudicate concerning the subject matter in a given case…. Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine the controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.
>
> **Aronson v. Spring Spectrum, L.P.**, 767 A.2d 564, 568 (Pa. Super. 2001) (quoting **Bernhard v. Bernhard**, 447 Pa. Super. 118, 668 A.2d 546, 548 (1995)).

**In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa. Super. 2013).

Pursuant to the Decedents, Estates and Fiduciaries Code, jurisdiction over decedents' estates and their fiduciaries is vested in the Orphans' Court division. **See** 20 Pa.C.S.A. § 711. However, jurisdiction to grant letters to a

personal representative is vested in the Register of Wills. *Id.* § 901 (providing that "the register shall have jurisdiction of … the grant of letters to a personal representative"); *see also id.* § 711(12) (stating that the Orphans' Court shall have jurisdiction over, *inter alia*, the appointment of fiduciaries, "**except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore.**" (emphasis added)); *In re Estate of Tigue*, 926 A.2d 453, 456 (Pa. Super. 2007) (stating that "it is the register who has the authority and duty to issue letters.").

The Orphans' Court may, in some instances, exercise jurisdiction over matters concerning letters of administration. The Orphans' Court may review the Register's decision if a party files an appeal from the Register's grant of letters.[6] *See In re Estate of Tigue*, 926 A.2d at 456; *see also* 20 Pa.C.S.A. § 711(18) (providing that the Orphans' Court has jurisdiction over "[a]ppeals from and proceedings removed from registers."). If the Orphans' Court determines that the Register abused its discretion in appointing a particular administrator, the court may then direct the Register to issue letters of administration to the appropriate individual. *See In re Estate of Simmons-Carton*, 644 A.2d 791, 795 (Pa. Super. 1994). Additionally, the Orphans'

---

[6] We note that when a party appeals from the Register's appointment of an administrator, the Orphans' Court is not required to conduct an evidentiary hearing. *See generally In re Estate of Tigue*, 926 A.2d at 456. However, if the Orphans' Court declines to conduct a hearing and receive evidence, this Court's subsequent review is limited to determining if the **Register**, rather than the Orphans' Court, abused its discretion. *Id.*; *see also Estate of Fritz v. Fritz*, 798 A.2d 243, 244-45 (Pa. Super. 2002).

Court has the authority to remove a personal representative. ***See In re Estate of Mumma***, 41 A.3d 41, 49 (Pa. Super. 2012); ***see also*** 20 Pa.C.S.A. § 3183 (providing that "[t]he court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him."); ***id.*** § 3182 (setting forth the grounds for removal of a personal representative). "**Upon removal** [of a personal representative], the court may direct the grant of new letters testamentary or of administration by the register to the person entitled…." 20 Pa.C.S.A. § 3183 (emphasis added).

Here, there is no confirmation in the certified record of when—or even whether—the Will was admitted to probate. The certified record also lacks any indication of whether the Register of Wills had, at any time prior to the filing of Berger's Motion for Appointment, issued letters testamentary to Yarbrough, or letters of administration to any other party. There is additionally no other indication that an initial Register of Wills determination was appealed to the Orphans' Court. ***Cf.*** 20 Pa.C.S.A. § 711(18). Further, although the parties seem to agree that Yarbrough lacks capacity to serve as Executrix of the Estate, the Orphans' Court did not remove Yarbrough as Executrix before issuing Letters of Administration *C.T.A.* to Kathleen. ***Cf. id.*** § 3183. Accordingly, this case does not fall within one of the circumstances in which the Orphans' Court may direct the Register of Wills to grant new

letters. Moreover, it does not appear that the Register of Wills had the opportunity to consider the parties' respective statuses and order of priority under section 3155(b), or to determine whether there was good cause to deviate from the statutory order of priority, as it is required to do. **See *In re Estate of Tigue***, 926 A.2d at 459 (vacating the Order of the Orphans' Court, which affirmed the register's appointment of an administrator, where the register appointed appellee "without any evidence that the register applied the relevant law, either by following the order of appointees set forth in [section] 3155(b) or by exercising his discretion to deviate from that order for good cause."). Thus, as the Register of Wills, rather than the Orphans' Court, had jurisdiction to grant letters of administration in this matter, **see** 20 Pa.C.S.A. §§ 901, 711(12), we must vacate the Orphans' Court Decree, which denied Berger's Motion for Appointment, granted Kathleen's Petition for Letters, and directed the Register of Wills to issue Letters of Administration *C.T.A.* for the Estate to Kathleen.

Decree vacated. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/05/2018

- 10 -