**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOSHUA WINE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: MICHELLE LEFEVRE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 235 WDA 2025 |

Appeal from the Order Entered January 27, 2025
In the Court of Common Pleas of Beaver County
Orphans' Court at No. 2024-518

BEFORE:  PANELLA, P.J.E., McCLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  November 25, 2025**

Michelle Lefevre (Lefevre) purports to appeal from the order, entered by the orphans' court in the Beaver County Court of Common Pleas, which denied the petition for letters of administration filed by Howard Murphy, Esquire (Murphy), through counsel, Frank C. Walker, II, Esquire (Attorney Walker).[1] We quash.

*Background*

On May 14, 2019, Lefevre and Joshua Wine (Decedent) were involved in a one-car accident in Allegheny County.  Decedent was driving the car and

---

[1] Lefevre's notice of appeal incorrectly states that she is appealing "**to the Orphans' Court of Pennsylvania**, **from the judgment of sentence** entered by the … Court of Common Pleas of Beaver County, Pennsylvania, **Criminal Division**, on January 27, 2025 at No. 518 of 2024."  Notice of Appeal, 2/21/25 (emphasis added).  In addition, Lefevre's appellate brief is captioned "Commonwealth of Pennsylvania v. Michelle Lefevre."

Lefevre was a passenger. Decedent died at the scene, and Lefevre has alleged that she sustained compensable injuries.

Approximately two years later, on May 12, 2021, Lefevre, through Attorney Walker, filed a writ of summons in Allegheny County at GD-21-005305.[2] The writ was captioned "Michelle Lefevre v. Joshua Wine and Estate of Joshua Wine." As Decedent had passed away and no estate had been opened, Lefevre filed an amended writ of summons two days later, on May 14, 2021, which named Decedent's parents (Respondents) as defendants. The amended writ was captioned "Michelle Lefevre v. Howard Wine, individually and as personal or legal representative for Estate of Joshua Wine; Margie Zeiber Wine, individually and as personal or legal representative for Estate of Joshua Wine; and John Doe, individually and as personal or legal representative for Estate of Joshua Wine." On September 6, 2022, Lefevre filed a complaint under the amended caption. Lefevre alleged that Decedent was negligent in causing the accident and sought monetary damages for her injuries. According to Respondents, the action remains pending in Allegheny County. *See* Respondents' Brief at 4-5.

---

[2] An action for negligence is subject to a two-year statute of limitations. 42 Pa.C.S. § 5524.

Nearly five years after Decedent's death, Murphy, through Attorney Walker, initiated the underlying action in Beaver County.[3] The first docket entry, dated May 7, 2024, lists Murphy's "Petition for Citation to Show Cause Why Letter[s] of Administration Should Not Be Issued to Howard Murphy" (Petition). The Petition identifies Murphy as "a member of the bar who has no interest in the outcome of the litigation."[4] Petition, 5/7/24, at 3. Murphy avers:

> 3. Counsel for Petitioner, Frank Walker, Esquire has initiated a civil action against the Decedent in the Court of Common Pleas of Allegheny County as a result of a motor vehicle accident which occurred on May 14, 2019.
>
> 4. Because [D]ecedent has passed away[, Attorney] Walker needs to open an estate in order to substitute the estate for [D]ecedent in the said pending lawsuit.
>
> 5. This estate will be opened solely for the purposes of continuing said litigation and for no other purpose.
>
> 6. At the time of his death[,] Decedent was survived by the following: Mother, Marjorie Wine and Father, Howard Wine.
>
> 7. However[,] rather than force one of [D]ecedent's relatives to act as administrator under these circumstances, [Attorney] Walker believes it is best to name the Petitioner, Howard F. Murphy, who is a member of the bar who has no interest in the outcome of the litigation.

_____

[3] Murphy averred that Decedent was domiciled in Beaver County at the time of his death. *See* 20 Pa.C.S. § 3151 (providing that letters of administration for the estate of a decedent shall be granted in the county "where the decedent had his last family or principal residence").

[4] Notably, this Court has observed that "persons having a personal interest in an estate are most likely to administer it beneficially." **In re Est. of Tigue**, 926 A.2d 453, 457 (Pa. Super. 2007) (citation omitted).

*Id.*

Respondents did not live at the same address when Murphy filed the Petition. The record indicates that Marjorie Zeiber Wine was served with the Petition on May 22, 2024. However, Howard Wine was not served. The docket entry dated June 12, 2024, states: "Citation sent to Howard Wine came back unclaimed and unable to forward." Although Howard Wine was not served, counsel for both Respondents entered his appearance on June 5, 2024. That same day, counsel filed an answer and new matter in which Respondents averred:

> 25. On May 7, 2024, nearly five years after [D]ecedent's death and [Lefevre's] alleged injuries, Petitioner filed the underlying Petition for Citation to Show Cause Why Letters of Administration Should Not Be Issued to Howard Murphy, Esquire.
>
> 26. Petitioner's request for relief is untimely and patently defective. By way of example, Petitioner seeks to obtain Letters of Administration without complying with the formalities of 20 Pa.C.S. § 3153, including presentation of a petition for grant of letters with the Register containing a certified death record and renunciations from [D]ecedent's heirs or next of kin.[5]

Answer and New Matter to Petition to Show Cause, 6/5/24, at 4.

The trial court held a hearing to address the parties' dispute on September 26, 2024. Neither Murphy, Lefevre or Respondents were present. Attorney Walker was present but did not call any witnesses or offer exhibits.

_____

[5] The Decedents, Estates and Fiduciaries Code provides for the appointment of an administrator who has been nominated by a person who is entitled to letters of administration but renounces that right. 20 Pa.C.S. § 3155(b)(6).

*See* N.T., 9/26/24, at 1-31. Counsel for Respondents offered "a true and correct copy of the existing docket [in] Beaver County" as Exhibit 1.[6] *Id.*

Respondents' counsel observed that "the matter before the [c]ourt today is the issue of whether the letters of administration should be granted." *Id.* Counsel stated that Respondents had "a number of affirmative defenses with respect to jurisdiction that we believe could be properly and timely adjudicated with this [c]ourt, and in addition[, there are] a number of procedural defects." *Id.* at 7. Counsel explained:

> The Petition for Citation seeks to name Attorney Howard Murphy as personal representative of the estate.
>
> On May 7, 2024, the Register of Wills issued a citation to be served upon [D]ecedent's parents, Marjorie Wine and Howard Wine.
>
> On June 12, 2024, the citation directed to Howard Wine was returned as unclaimed and undelivered.
>
> The record does not reflect that there have been any efforts to preserve the [c]ourt's citation or seek alternative service of the citation in advance of today's hearing.
>
> And more than five years have passed since [Decedent's] death to the time that the request for letters was made and letters have yet to be issued.

*Id.* at 8.

Counsel emphasized that the court lacked "the ability to grant" relief due to "procedural defects." *Id.* at 11. Counsel stated that "there has been noncompliance with [Orphans' Court] Rule 3.5, [regarding 'Mode of

---

[6] Attorney Walker stated that he had no objection to the admission of the exhibit after the orphans' court asked him if he objected to the court's "taking judicial notice of my docket?" *Id.* at 6.

Proceeding on Petition' and 'Citation Practice'], and there has not been any effort to remedy those defects." *Id.* at 12-13. Counsel further asserted that the request to open the estate was "patently untimely." *Id.* at 13.

Attorney Walker agreed that the "only matter before the [c]ourt is whether letters should be issued to Howard Murphy." *Id.* at 21. In response to the argument of Respondents' counsel, Attorney Walker stated, "All the other arguments are irrelevant, Your Honor."[7] *Id.*

The orphans' court subsequently entered the order stating:

[T]he [c]ourt hereby DENIES the Granting of Letters to Petitioner Howard Murphy, Esquire. Not only has the Petitioner failed to comply with Orphans' Court Rule 3.5 regarding proper citation practice, but the [c]ourt also lacks proper [s]ubject [m]atter [j]urisdiction over the action as it is a legal nullity under established Pennsylvania [c]ase [l]aw.

Order, 1/27/25 (citations omitted).

On February 21, 2025, Lefevre, through Attorney Walker, filed a notice of appeal. The orphans' court did not file a Pa.R.A.P. 1925(a) opinion, but entered an order which stated that the basis for its ruling was "set forth in the arguments made at the hearing dated September 26, 2024." Rule 1925(a)(1) Order, 4/7/25.

---

[7] Attorney Walker conceded that Howard Wine did not receive proper notice. He said that he "assumed since [Respondents] filed something in response to [the Petition] that [Howard Wine] had received service." *Id.* at 26-27. He also agreed that neither Majorie Wine nor Howard Wine had signed a renunciation of their right to administer Decedent's estate. *Id.* at 28.

- 6 -

On appeal, Lefevre claims the orphans' court erred by finding: 1) that letters of administration "should not be administered"; 2) that "Petitioner failed to comply with Orphans' Court Rule 3.5"; and 3) that the court lacked subject matter jurisdiction. Lefevre's Brief at 2. We are unable to consider these claims because Lefevre was not a party to the underlying action.

Our Supreme Court has recognized "the general rule … that only parties may appeal a decision." *In re Barnes Found.*, 871 A.2d 792, 794 (Pa. 2005) (citing Pa.R.A.P. 501 (stating, "Except where the right of appeal is enlarged by statute, **any party** who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.") (emphasis added)). The Rules of Appellate Procedure do not define the term "party," but the Rules of Civil Procedure state that a "party" is "a person who commences or against whom relief is sought in a matter." 42 Pa.C.S. § 102. This Court has held that "an appeal by a person who is not a party to the action in the trial court must be quashed." *Rohm & Haas Co. v. Lin*, 992 A.2d 132, 150 (Pa. Super. 2010) (citing *Newberg v. Board of Public Educ.,* 478 A.2d 1352, 1354 (Pa. Super. 1984)); *see also In re Brown*, 507 A.2d 418, 420 (Pa. Super. 1986) (stating "an appeal by one who was not a party to a proceeding in the trial court must be quashed").

Lefevre did not commence the action and relief was not sought against her. While it appears that she could have attempted to become a party by

petitioning to intervene, she did not do so.[8]  As Lefevre "had no greater rights than would be available to any other non-party," she "lacked the ability to implicate the appellate process."  **Barnes**, 871 A.2d at 794.  Therefore, we quash this appeal.[9]

Appeal quashed.

---

[8] A non-party shall be permitted to intervene at any time during the pendency of an action if "such person could have joined as an original party in the action or could have been joined therein; … or the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action."  **Rohm**, **supra** (citing Pa.R.Civ.P. 2327(3) and (4)).

[9] Assuming we could review the orphans' court's order, we would agree with the orphans' court's determination that Murphy was not entitled to letters of administration.  A person may not petition for letters of administration "for an estate in which he admittedly has no financial interest, nor marital or consanguineous relationship."  **Brokans v. Melnick**, 569 A.2d 1373, 1376 (Pa. Super. 1989).  In **Brokans**, we found it was improper for an attorney to be granted letters of administration for an estate in relation to a civil malpractice lawsuit he had filed.  We noted "numerous defects" in the attorney's petition, including lack of notice to intestate heirs who had not renounced their right to administer the estate.  **Id.** at 1377-78.  This Court described the attorney as an "officious intermeddler," who, "by usurping the true heirs' right to select the administrator of the estate of which they are the ultimate beneficiaries, ha[d] come extremely close to violating the Professional Code of Ethics by arrogating to himself rights not available to him."  **Id.** at 1378.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/25/2025</u>