J-S29018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ORIGEN CAPITAL INVESTMENTS II, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 171 WDA 2025 |
| PAUL W. CARNELL, JR. A/K/A PAUL CARNELL D/B/A PAUL CARNELL AUTO REPAIR | : | |

Appeal from the Order Dated January 9, 2025
In the Court of Common Pleas of Blair County
Civil Division at No(s):  Civil Action No. 2023 GN 3624

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:              **FILED:  December 9, 2025**

Origen Capital Investments II, LLC ("Origen")[1] appeals from the order granting Paul W. Carnell, Jr.'s ("Carnell") preliminary objections and dismissing this breach of contract action with prejudice.  On appeal, Origen contends the trial court erred in concluding the doctrine of *res judicata* bars this action.  For the reasons discussed below, we vacate and remand.

We take the underlying facts and procedural history in this matter from the trial court's opinions and our review of the certified record.  In 2007, Carnell procured a $22,000.00 business line of credit from Origen's

---

[1] The parties and trial court alternately refer to Origen as "Origen" and "Origin."  For ease of disposition, we will use Origen, as that is how the parties refer to the company in their briefs.

predecessor-in-interest, Citizens Bank, which also extended a $15,000.00 loan to Carnell. *See* Trial Court Opinion, 1/9/25, at 1. In 2009, the parties modified the terms of the line of credit and loan. *See id*. Citizens Bank assigned the line of credit and loan to Origen in 2016. *See id*.

In 2017, Origen filed an action against Carnell claiming he defaulted on the loan and line of credit ("2017 Action"). *See id*.; *see also* Preliminary Objections, 12/18/23, at 1 (unnumbered). The parties entered negotiations which resulted in a forbearance agreement and a consent judgment (which Origen never filed with the court) in June 2018. *See* Complaint, 11/30/23, at 3, Exhibit H.[2] In May 2020, Origen filed a praecipe to settle, discontinue, and end the action. *See* Trial Court Opinion, 1/9/25, at 2; Origen's Brief in Opposition to Preliminary Objections, 2/13/24, at 3.

As part of the forbearance agreement, Carnell took out a mortgage on real property he owned. *See* Trial Court Opinion, 1/9/25, at 2. In 2021, Origen filed a successful action in mortgage foreclosure against Carnell ("2021 action"). *See id*. at 2-3. Origen has taken no further action to enforce that *in rem* judgment. *See* Origen's Brief in Opposition to Preliminary Objections, 2/13/24, at 4.

---

[2] Although the consent judgment is captioned correctly, in the body of the consent judgment, the plaintiff is listed as "SummitBridge National Investments II LLC" not Origen. *See* Complaint, Exhibit H, Consent Judgment.

In November 2023, Origen filed the instant breach of contract action[3] ("2023 action") against Carnell alleging default on the line of credit and loan that were the subject of the 2017 action. Carnell filed preliminary objections in December 2023, seeking dismissal of the action on the grounds of *res judicata* and/or collateral estoppel. **See** Preliminary Objections, 12/18/23, at 1-3 (unnumbered). Origen filed a timely response which addressed the merits of Carnell's allegations of *res judicata* and collateral estoppel. Origen's response **did not** challenge the appropriateness of Carnell raising those defenses in preliminary objections rather than in an answer and new matter, nor did it assert that to decide the issue the trial court would have to look beyond the four corners of the complaint. **See** Origen's Answer, 2/13/24, at 1-3; Origen's Brief in Response, 2/13/24, at 2-7. The trial court scheduled oral argument on the matter, which the court canceled when the case was reassigned to a new judge. Thus, there was no hearing held, and in January 2025, the trial court granted the preliminary objections and dismissed the complaint on the grounds of *res judicata*. **See** Trial Court Opinion, 1/9/25, at 1-7. The instant appeal followed.[4]

---

[3] We are unable to determine why Origen did not either file a petition to enforce the forbearance agreement or a petition to enforce the consent judgment in the 2017 action.

[4] Origen and the trial court complied with Pa.R.A.P. 1925.

On appeal, Origen raises the following issues for our review:

> 1.     Whether the trial court erred as a matter of law when it sustained [Carnell's] preliminary objections and dismissed [Origen's] complaint based on facts outside the "four" corners of [Origen's] complaint?
>
> 2.     Whether the trial court erred as a matter of law when it sustained [Carnell's] preliminary objections and dismissed [Origen's] complaint based upon theories of *res judicata* and collateral estoppel as advanced by [Carnell]?

Origen's Brief at 5.

Both of Origen's interrelated issues, which we address together, challenge the trial court's grant of preliminary objections. Our scope and standard of review are settled.

> An appeal from an order granting preliminary objections in the nature of demurrer is subject to plenary review. When determining whether the trial court properly sustained the preliminary objections, this Court will examine the averments in the complaint, together with the documents and exhibits attached thereto. Further:
>
> > The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, **preliminary objections will be sustained only where the case is free and clear of doubt**.
>
> If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Hoffman v. Gongaware*, 186 A.3d 453, 457 (Pa. Super. 2018) (internal quotation marks and citations omitted, emphasis added).

The doctrine of *res judicata* is intended "to foreclose repetitious litigation by barring parties from re-litigating a matter that was previously litigated or could have been litigated." *Wilmington Trust Nat'l Assoc. v. Unknown Heirs*, 219 A.3d 1173, 1179 (Pa. Super. 2019). Four common elements must exist before the doctrine applies. There must be (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *See Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 378 n.9 (Pa. 2006). The trial court "may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995) (*en banc*) (citation omitted). In addition, the prior action must have resulted in a final judgment on the merits. *See id*. at 680-81.

Origen makes three arguments in support of its claim the trial court erred in granting preliminary objections on the grounds of *res judicata*[5]: (1)

_____

[5] Origen also alleges the trial court erred in granting preliminary objections on the grounds of collateral estoppel. *See* Origen's Brief at 9-14. However, the trial court did not grant the preliminary objections on that basis and did not
*(Footnote Continued Next Page)*

- 5 -

*res judicata* is not properly raised in preliminary objections; (2) to determine whether *res judicata* applied the trial court was required to look outside the four corners of the complaint; and (3) the instant proceeding is not barred by the doctrine of *res judicata*. **See** Origen's Brief at 9-14.

Origen has waived its claims that *res judicata* was not properly raised in preliminary objections and that to decide that issue, the trial court was required to look outside the four corners of the complaint. Origen failed to raise both claims in its response to preliminary objections. Furthermore, it did not raise the first claim in its Rule 1925(b) statement and raised the second for the first time in the Rule 1925(b) statement. **See** Origen's Answer, 2/13/24, at 1-3; Origen's Brief in Response, 2/13/24, at 2-7; Concise Statement of Errors Complained of on Appeal, 3/13/25, at 1-2 (unnumbered). Issues cannot be raised for the first time on appeal. **See Satiro v. Maninno**, 237 A.3d 1145, 1150-51 (Pa. Super. 2020); **Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship**, 764 A.2d 1100, 1105 (Pa. Super. 2000) (citation omitted) (stating a non-moving party's "failure to raise grounds for relief in the trial court . . . waives those grounds on appeal."); Pa.R.A.P. 302. Moreover, while issues must be raised in a Rule 1925(b) statement, they cannot be raised there for the first time. **See Cabot Oil and Gas Corp. v.**

---

discuss collateral estoppel in its opinions. **See** Trial Court Opinion, 1/9/25, at 1-7; Trial Court 1925(a) Opinion, 4/8/25, at 1-6. Therefore, we will not address this argument.

***Speer***, 241 A.3d 1191, 1196 (Pa. Super. 2020) (issues cannot be raised for the first time in a Rule 1925(b) statement). Thus, Origen waived these arguments.

Origen's final issue contends the trial court erred in granting the preliminary objections based on the doctrine of *res judicata*. ***See*** Origen's Brief at 9-14. After a thorough review of the records, briefs, and both the trial court's opinion granting preliminary objections and its Rule 1925(a) opinion, we are unable to determine whether the trial court abused its discretion or made an error of law in granting the preliminary objections due to deficiencies in the trial court's opinions, omissions from the record, and deficits in the parties' pleadings.

This Court has stated:

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Stephen v. Waldron Elec. Heating and Cooling LLC***, 100 A.3d 660, 664 (Pa. Super. 2014) (citation omitted).

Initially, Origen's complaint lacks specificity regarding the alleged default by Carnell and why it constituted a breach of the forbearance agreement. ***See*** Complaint, 11/30/23, at 2-5. Further, Carnell failed to file a brief in support of its preliminary objections as required by B.C.R.C.P.

- 7 -

1028(c).[6]  The trial court drafted two opinions, a January 2025 opinion granting preliminary objections and an April 2025 1925(a) opinion.  While it provides an extensive procedural history regarding the preliminary objections, the opinion contains only two citations to the record and boilerplate citations to the law on preliminary objections and *res judicata*.  The opinion does not apply the law to the facts in this case.  **See** Trial Court Opinion, 1/9/25, at 1-6.  Further, the trial court's Rule 1925(a) opinion contains no citations to either the record or to any law.  **See** Rule 1925(a) Opinion, 4/8/25, at 1-6.

Based on the record before us, which we have thoroughly reviewed, we are unable to substantiate many of the factual findings and procedural history which the trial court relied upon in finding that the doctrine of *res judicata* barred this action.  Moreover, we cannot discern the legal basis for its conclusion that there was an identity of either issues or causes of action between the 2017 Action and the instant action.

This Court has vacated and remanded in cases where the trial court "did not provide any supporting record references or jurisprudence for its judgment."  **Stephan**, 100 A.3d at 668 (vacating entry of judgment); **see also Layton v. Layton**, 339 A.3d 469, 475-76 (Pa. Super. 2025) (noting it is not this Court's job to act as fact-finder, and vacating and remanding where the trial court did not support its findings of fact).  "Our review is limited to

---

[6] In its Rule 1925(a) opinion, the trial court excused the failure to comply. **See** Rule 1925(a) opinion, 4/8/25, at 2.

those facts which are contained in the certified record" and what is not contained in the certified record "does not exist for purposes of our review." *Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (citations omitted). We will not rely on facts *dehors* the certified record. *See In Re Estate of Tigue*, 926 A.2d 453, 459 (Pa. Super. 2007). *See also Commonwealth v. Jordan*, 268 A.3d 453 (Pa. Super. 2021) (unpublished memorandum, at *13) (noting this Court does not rely on assertions in a trial court opinion which are not contained in the certified record).[7] Thus, as the trial court did not explain its legal reasoning and relied on facts outside the certified record in granting preliminary objections, we are constrained to vacate the grant of preliminary objections and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/09/2025

---

[7] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).