In re ESTATE OF George FRITZ

v.

**Appeal of George P. FRITZ**
**a/k/a George Fritz.**

Superior Court of Pennsylvania.

Submitted March 4, 2002.
Filed May 1, 2002.

Eric L. Hamill, Milford, for appellant.

Thomas F. Kilroe, Honesdale, John T. McLane, Scranton, for appellee.

Mark R. Zimmer, Honesdale, for Estate of Mildred Fritz, participating party.

BEFORE: TODD, BENDER and POPOVICH, JJ.

POPOVICH, J.

¶ 1 This appeal stems from the order of the Orphans' Court affirming the Register of Wills' granting a letter of administration d.b.n.c.t.a. to Janet Michael and denying a letter of administration d.b.n.c.t.a. to George P. Fritz, Jr. Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

¶ 2 The facts and procedural history are as follows: George Fritz died on February 27, 1996. The Register of Wills admitted his Last Will and Testament to probate in February, 1996. In the will, Joann Nell and Gerald Fritz were nominated to serve as Executors of the Decedent's estate. The nominated Executors were qualified. Subsequently, they were appointed and served until their deaths, Joann Nell's on April 12, 2000, and Gerald Fritz's June 22, 2000. The Decedent's Last Will and Testament nominated Janet Michael and George P. Fritz, Jr., as succeeding execu-

tors. On June 23, 2000, Janet Michael petitioned the Register of Wills to grant letters of administration d.b.n.c.t.a. to her. Within the petition, Janet Michael stated that George P. Fritz, Jr., was also named as an succeeding executor but should be disqualified from serving as such because he had filed claims adverse to the estate.

¶ 3 The Register of Wills granted letters of administration d.b.n.c.t.a. to Janet Michael on July 13, 2000. On August 2, 2000, George P. Fritz, Jr., petitioned the Register of Wills for a grant of letters testamentary. The Register of Wills denied said petition. Also on August 2, 2000, George P. Fritz, Jr., appealed the grant of letters of administration d.b.n.c.t.a. to Janet Michael and the denial of letters testamentary for George P. Fritz, Jr.

¶ 4 The co-executrices of the Estate of Mildred I. Fritz, Deceased, petitioned to intervene in the appeal.[1] A hearing was scheduled before the Orphans' Court on February 22, 2001, on George P. Fritz, Jr.'s, matters on appeal, namely, the denial of his letters of testamentary, the grant of letters of administration d.b.n.c.t.a. to Janet Michael and his petition for writ of mandamus. The Orphans' Court also was scheduled to hear the Estate of Mildred I. Fritz's petition to intervene. Evidentially, this hearing was not held on this date and was rescheduled for April 26, 2001, on the matters of the appeal of the denial of letters of testamentary to George P. Fritz, Jr., and appeal of grant of letters of administration d.b.n.c.t.a. to Janet Michael. However, the hearing was discontinued on April 25, 2001, and eventually, the matters were decided upon the briefs that had been filed. The co-executrices of Mildred I. Fritz's estate additionally filed a Judicial Notice of Adjudicative Facts for the Orphans' Court's consideration.

¶ 5 On June 4, 2001, the Orphans' Court affirmed the grant of letters of administration d.b.n.c.t.a. to Janet Michael and the denial of letters of testamentary to George P. Fritz, Jr. This timely appeal followed.

¶ 6 On appeal, George P. Fritz, Jr. presents the following issues for our review:

1. Did the lower court err as a matter of law in affirming the Register of Wills granting of Letters of Administration d.b.n.c.t.a. to Janet Michael?

2. Did the lower court err as a matter of law in affirming the Register of Wills denying Letters Testamentary to George P. Fritz?

Appellant's brief at 3.

¶ 7 The Register of Wills has the statutory duty to issue letters testamentary. *See* 20 Pa.C.S.A. § 3155(a). On appeal from the Register's action, where additional evidence is not received, judicial review is confined to a determination of whether the Register abused his or her discretion in the issuance of letters testamentary. *Cf., In re Estate of Dodge,* 361 Pa.Super. 188, 522 A.2d 77, 78 (1987) (holding that judicial review is confined to a determination of whether Register abused discretion in issuance of letters of administration where no additional evidence was received).

¶ 8 In the present case, we agree with the Orphans' Court that the Register abused her discretion in denying the letters testamentary to George P. Fritz, Jr. The Orphans' Court concluded that the Register's denial was harmless error in that George P. Fritz, Jr., would have been removed for a conflict of interest. However, since the Orphans' Court did not conduct a hearing and receive evidence, our review is confined to a determination of

---

**1.** Mildred I. Fritz was the wife of Decedent.

whether the Register abused her discretion.

¶ 9 Section 3155(a), 20 Pa.C.S.A. states, "Letters testamentary shall be granted by the register to the executor designated in the will, whether or not he has declined a trust under the will." The Decedent's will named Janet Michael and George P. Fritz, Jr., as succeeding executors in the event of Joann Nell and Gerald Fritz's unavailability. After Joann Nell and Gerald Fritz died, the Register should have granted letters testamentary to Janet Michael and George P. Fritz, Jr., as the succeeding executors. This act is not discretionary. However, the Register failed to do this. Instead, she found that the deaths of Joann Nell and Gerald Fritz created a vacancy in the office of personal representation. The Register then granted Janet Michael letters of administration d.b.n.c.t.a. pursuant to § 3159, 20 Pa.C.S.A. The Register's action amounted to an error of law.

¶ 10 The Decedent's will provided for succeeding executors. Since there were succeeding executors named in the will, there was not a vacancy in the office of personal representation upon the deaths of Joann Nell and Gerald Fritz. The Register should have granted letters testamentary to Janet Michael pursuant to § 3155(a) and not letters of administration d.b.n.c.t.a. pursuant to § 3159. We find that the Register committed an error of law. Accordingly, we vacate the Orphans' Court order affirming the granting of letters of administration d.b.n.c.t.a. to Janet Michael and remand for the Register's granting of letters testamentary as per § 3155(a).

¶ 11 The Register then denied George P. Fritz, Jr., letters testamentary finding that he was not qualified pursuant to § 3156(3), 20 Pa.C.S.A. While it is correct that a person shall not be qualified as a personal representative who is found by the register to be unfit to be entrusted with the administration of the estate, this only applies to a person other than an executor designated by name or description in the will. *See* 20 Pa.C.S.A. § 3156(3). As we stated previously, George P. Fritz, Jr., was designated as a succeeding executor in the Decedent's will. Accordingly, the Register committed an error of law when she failed to grant letters testamentary as required by § 3155(a).

¶ 12 Since the Orphans' Court did not conduct a hearing and receive evidence, the record before us is not complete to determine if the Register's decision was harmless error.[2] For this reason, we must vacate the Orphans' Court order affirming the denial of letters testamentary to George P. Fritz, Jr., and remand for the Register's granting of letters testamentary to George P. Fritz, Jr., as per § 3155(a). A petition then may be filed to revoke the letters testamentary as to George P. Fritz, Jr. Or, an appeal from the granting of the letters testamentary to George P. Fritz, Jr. may be taken, and the Orphans' Court shall conduct a hearing and receive evidence to determine if he has an interest antagonistic to the estate.

**2.** The Orphans' Court found the Register's error to be harmless because George P. Fritz, Jr., had claims antagonistic to the estate that would have disqualified him as a personal representative of the Decedent's estate. The antagonistic claims that George P. Fritz, Jr., was alleged to have made were in the actions at 110–1997–OCD and 194–1997–OCD. The Orphans' Court claimed that both cases were interpleader actions between Decedent's estate and claimants, including George P. Fritz, Jr., regarding claims to bank accounts. However, since a hearing was not conducted, no evidence was received to show that George P. Fritz, Jr., in fact, had an interest antagonistic to the estate.

¶ 13 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.