J-A03006-22

2022 PA Super 80

| | | |
|---|---|---|
| IN RE: ESTATE OF: JAMES E. SCHWARTZ, DECEASED | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| APPEAL OF: HAYWOOD BECKER | | |
| | | No. 569 EDA 2021 |

Appeal from the Order Entered February 8, 2021
In the Court of Common Pleas of Bucks County
Orphans' Court at No: 2020-E03090

BEFORE:  STABILE, J., and DUBOW, J., and McCAFFERY J.

OPINION BY STABILE, J.:                    **FILED MAY 05, 2022**

Appellant, Haywood Becker, appeals from the February 8, 2021 orphans' court order affirming the Bucks County Register of Wills' refusal to appoint Appellant as an administrator of the estate of James E. Schwartz (the "Estate").  We affirm.

The orphans' court recited the pertinent facts and procedural history:

> James E. Schwartz ("Decedent") died on December 20, 2019.  At the time of his death, he was domiciled at 118 Hollow Horn Road in Erwinna, Pennsylvania ("Property").  Decedent passed away intestate, and the only potential heir, Nicholas Schwartz, disclaimed and renounced his interest in the Estate.
>
> [Appellant], a principal creditor at the time of [Decedent's] death, per 20 Pa.C.S.[A.] §3155(b)(4), filed a Petition to the Register of Wills for Appointment of a Personal Representative ("Petition") on February 5, 2020.  Eight (8) days later, [Appellant] filed an Amended Petition for Appointment of a Personal Representative and Grant of Letters of Administration ("Amended

Petition"). The Register of Wills denied the Amended Petition in a Decree dated February 24, 2020. [Appellant] then filed a 2nd Amended Petition for Grant of Letters of Administration ("Second Amended Petition"), the subject of the instant appeal, on March 3, 2020. The Register of Wills of Bucks County denied [Appellant's] Second Amended Petition pursuant to a Decree dated March 6, 2020. [Appellant] appealed the decision of the Register of Wills to the Orphans' Court Division of the Bucks County Court of Common Pleas on July 31, 2020, by submitting the instant Petition: Appeal of the Decree of the Register of Wills which Denied the Second Amended Petition for Grant of Letters of Administration.

Orphans' Court Decision and Decree, 2/8/21, at 1-2 (record citations omitted).

The orphans' court conducted a hearing[1] on January 11, 2021 and affirmed the register's decree on February 8, 2021, finding no abuse of discretion.[2] This timely appeal followed.

When an appellant challenges a decree entered by the [o]rphans' [c]ourt, our standard of review requires that we be deferential to the findings of the [o]rphans' [c]ourt.

[We] must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the [o]rphans' [c]ourt sits as the fact-finder,

_____

[1] The orphans' court conducted its review of the register's decision according to Pa.C.S.A. § 908, which provides in relevant part:

Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree[.]

20 Pa.C.S.A. § 908(a); **see also** 20 Pa.C.S.A. § 711(18) (providing that the orphans' court has mandatory jurisdiction over appeals and proceedings from registers).

[2] On an appeal from a Register's decision on letters testamentary, the orphans' court reviews for abuse of discretion. **Estate of Fritz**, 798 A.2d 243, 244 (Pa. Super. 2002).

it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Stacio*, 143 A.3d 983, 987 (Pa. Super. 2016), *appeal denied*, 166 A.3d 1221 (Pa. 2017); *see also*, *In re Estate of Klink*, 743 A.2d 482, 485 (Pa. Super. 1999) (holding that, where the orphans' court hold a hearing and takes evidence regarding the register's decision, we review the orphans' court's decision for error of law or abuse of discretion); *In re Dilbon*, 690 A.2d 1216, 1218 (Pa. Super. 1997) (noting that this Court can modify the orphans' court's decree only if we find an error of law, abuse of discretion, or capricious disbelief of competent evidence).

Regarding the merits, a person who has a "claim of interest hostile to the estate" may be disqualified as unfit to administer. *In re Friese's Estate*, 176 A. 225, 227 (Pa. 1934). There, the widow could not be an administrator because of her antenuptial agreement with the deceased. "Not only does her antenuptial agreement, if it is valid, bar any interest, but if it is invalid, she has a direct claim against the estate because of its invalidity." *Id.* Similarly, in *In re Failor's Estate*, 10 Pa. Super. 243, 257 (1899) the Court affirmed the disqualification of a proposed administrator—the decedent's brother—because he was insolvent, in debt to the estate, and likely to use his position as administrator to evade the debt. Likewise, the potential for litigation between the brother and the estate (he claimed the debt was a gift from the

decedent) was an appropriate basis for disqualifying him as an administrator. ***Id.*** at 257-58.

In the case at bar, as in ***Friese's Estate*** and ***Failor's Estate***, Appellant has a claim adverse to the Estate. The orphans' court explained:

> In her Decree of March 6, 2020, the Register of Wills indicated that "[Appellant] showed a disturbing lack of candor in failing to disclose to the Register that he presently has an ownership interest in the Property." Upon reviewing the public docket of cases pending in Bucks County, the Register discovered two pending cases involving the Decedent's Property and [Appellant]:
>
> (1)  James Schwartz v. Tax Claim Bureau of Bucks County (Docket No. 2019-01979) ("Tax Claim Case"); and
>
> (2)  NewRez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing v. James E. Schwartz, Heywood Becker, Anthony Malinowski, and Tarek Tchorzewski (Docket NO. 2009-06821) ("NewRez Case").
>
> Decedent initiated the Tax Claim Case in an effort to set aside and vacate an upset tax sale which had occurred in relation to past-due property taxes on November 13, 2018. [Appellant] was a purchaser of Decedent's Property at this upset tax sale. [Appellant] subsequently filed a motion to intervene in the Tax Claim Case, seeking to have the sale confirmed. [Appellant] was permitted to intervene. As a result of [Appellant's] involvement in the 2018 upset sale, he was a primary creditor of Decedent, and he his therefore a primary creditor of Decedent's Estate at the present time.
>
> In the second pending case, NewRez asserts a quiet title action in relation to an alleged $375,000 mortgage interest on the Property. Due to [Appellant's] interest in the Property, he was joined as a defendant in December 2019, and he remains a defendant.

Orphans' Court Decision and Decree, 2/8/21, at 3 (record citation omitted).

- 4 -

Appellant argues that the pending litigation poses no obstacle to his request for letters of administration because § 3155 permits creditors as administrators. Section 3155 provides, in relevant part:

> **(b) Letters of administration.--**Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, **except for good cause**, in the following order:
>
> (1) Those entitled to the residuary estate under the will.
>
> (2) The surviving spouse.
>
> (3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.
>
> (4) **The principal creditors of the decedent at the time of his death.**
>
> (5) Other fit persons.

20 Pa.C.S.A. § 3155(b) (emphasis added).

We recognize that both the orphans' court and the register referred to Appellant as a creditor. We further recognize, as Appellant argues, that a creditor's claim is always, in some sense, adverse to an estate. Regardless, *Friese's Estate* and *Failor's Estate* teach that a party's involvement in litigation adverse to an estate is a valid basis for refusing letters of administration to an otherwise qualified party. And while these cases predate the enactment of § 3155, that section nonetheless preserves a register's ability to deny letters of administration for "good cause." 20 Pa.C.S.A.

§ 3155(b). And according to the note to § 3156,[3] which governs persons who are not qualified to administer an estate, the statutory scheme was intended to be "declaratory of existing law […] in allowing the register to disregard unfit persons [citing **Friese's Estate**.]" 20 Pa.C.S.A. § 3156 Editor's Note (Jt. St. Govt. Comm. – 1949). Thus, we find no persuasive reason to conclude that **Friese's Estate** and **Failor's Estate** have been superseded by statute.

There is no doubt in this case that Appellant is a party adverse to the estate in pending litigation. Appellant purchased the Property at the upset tax sale, and Decedent's action to set the tax sale aside, in which Appellant has intervened, remains pending. Pending litigation, with the uncertainty that it entails, is distinct from a case in which an estate's debt to a creditor is firmly established, such as by a judgment on a verdict. ***See, e.g.***, ***In re Estate of Dilbon***, 690 A.2d 1216, 1218-19 (Pa. Super. 1997) (distinguishing between judgments or claims against an estate for an amount certain, on one hand, and pending lawsuits whose outcome is uncertain, on the other). Instantly, the orphans' court affirmed the register's finding that the Estate would be

---

[3] Section 3156, titled "Persons not qualified", provides in relevant part that "No person shall be qualified to serve as a personal representative who is […] (3) A person, other than an executor designated by name or description in the will, found by the register to be unfit to be entrusted with the administration of the estate.

better served by a disinterested personal representative.[4] We discern no error.

Further, the register concluded Appellant, in his various petitions for letters of administration, was less than forthcoming about the status of the tax sale litigation. In his first petition, Appellant stated:

> 4. Heywood Becker, the petitioner, is the assignee of that certain judgment, entered of record against the said James E. Schwartz, in the Office of the Bucks County Prothonotary on February 3, 2020.
>
> 5. Accordingly, Heywood Becker, the petitioner, became a judgment lien creditor of the said James E. Schwartz, deceased, prior to the filing of this petition.
>
> [...]
>
> 14. It is the intention of the petitioner to request, after the appointment of Nicola Cutrone as the personal representative of the said James E. Schwartz, that the said Nicola Cutrone consider, *inter alia*, the settlement and dismissal of the petition to set aside tax sale filed by the said James E. Schwartz on March 21, 2019 at Case #2019-01979 in the Bucks County Court of Common Pleas, and to settle and remove the said judgment lien assigned to the petitioner, in lieu of execution of the same, by conveying to him the personal property of the said James E. Schwartz located at his former domicile and residence at 118 Hollow Horn Road, Tinicum Township, Bucks County, as well as prosecute, resolve, and/or

---

[4] Appellant's brief addresses the register's appointment—after the filing of this appeal—of an administrator *pendente lite*. Appellant's Brief at 31-33. This section of Appellant's brief cites no law and develops no argument in support of appellate relief. ***Id.*** Because the subsequent appointment post-dates the instant notice of appeal, and because its circumstances are not of record in this matter, we cannot consider it. Appellant acknowledges the irrelevance of this matter, but then asserts that the subsequent appointee was compromised and perhaps should not have been appointed. We will not consider that claim. Likewise, the orphans' court's passing reference in its opinion to the subsequent appointee has no bearing on the outcome of this appeal and provides no grounds for relief.

settle and discontinue any and all other legal matters, issues, litigations and the like, which a personal representative shall have the legal powers to undertake and accomplish.

Petition, 2/5/20, at ¶¶ 4-5, 14. An amended petition, filed shortly thereafter on February 13, 2020, stated substantially identical facts. The register denied both, stating, as noted above, that a disinterested personal representative would be preferable, given unresolved outstanding litigation.

In a second amended petition, this one requesting that letters of administration be issued to Appellant, he stated only that:

> 6. Heywood Becker, the petitioner, is a principal creditor of Decedent by virtue of the judgment entered of record against the said James E. Schwartz, and assigned to Heywood Becker in the Officer of Bucks County Prothonotary on February 3, 2020 in Case Number 2012-09014.

Petition, 3/3/20, at ¶ 6.

While these petitions disclose Appellant's judgment against an Estate property, they do not disclose the full extent and uncertain outcome of the proceedings. That is, Appellant did not disclose that he intervened in Decedent's action to set aside the tax sale, and that the matter is still pending. Nor did Appellant disclose Appellee's mortgage action pertaining to the Property. Until these matters are settled, the value of the Property cannot be

determined. In other words, the record supports a finding that Appellant was less than fully forthcoming in his petitions.[5]

For the foregoing reasons, we discern no error in the order on appeal. Appellant is an adverse party to the Estate in pending litigation regarding the property, and the record supports a finding of good cause for the register's decision to deny Appellant's petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *5/5/2022*

---

[5] While the orphans' court ultimately found good cause for the register's decision under § 3155 and did not address whether Appellant was unfit under § 3156, we observe, in addition to the register's findings of Appellant's lack of candor, that Appellant was disbarred for his handling of an estate matter in which he commingled personal funds with those of the estate. N.T. Hearing, 1/11/21, at 39. We do not decide the extent of overlap or distinction between exclusion for good case under § 3155 and unfit under 3156(3).