J-A02040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JULIANNA M. GENNARO, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: JOSEPH GENNARO | : | |
| | : | No. 758 WDA 2022 |

Appeal from the Order Entered June 24, 2022
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-20-03721

BEFORE: BOWES, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: February 9, 2023**

Joseph Gennaro (Appellant) appeals from the order denying his request

to serve as administrator of the estate of his daughter, Julianna, and granting

letters of administration to Heidi Charles, who is Julianna's mother (Mother).

We affirm.

The orphans' court summarized the factual and procedural case history

as follows:

> Julianna M. Gennaro died, intestate, on June 24, 2020, at the age of fifteen (15). The parents of Julianna had never married and had long resided, separately, [M]other, residing in Allegheny County and the father, [Appellant], residing in adjacent Beaver County. It is not disputed that at all times pertinent to this matter, [M]other had been the primary custodial parent of Julianna and Julianna had resided with [M]other. Nor is it disputed that Julianna was, at all times, a resident of Allegheny County.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Julianna's death occurred … when she was struck by a train near her home in Allegheny County. The death certificate identified Julianna's residence as the residence of [M]other on Morgan Hollow Road, South Fayette Township, Allegheny County. Thereafter, on August 10, 2020, [M]other caused a caveat to be filed with the Allegheny County Department of Court Records, Orphans' Court Division, requesting that no letters testamentary or letters of administration be issued without notice having first been provided either directly to [M]other or to her counsel. On August 13, 2020, Julianna's father, [Appellant], caused a petition to be filed with the Register of Wills Office in Beaver County, Pennsylvania, entitled "Petition to Show Cause Why [Appellant] Should Not Be Named Sole Administrator of the Estate of Julianna Gennaro." In that petition, [Appellant] averred that, at the time of her death, Julianna had been a resident of Beaver County.

Approximately nine months later, on May 4, 2021, upon consideration of preliminary objections having been filed in response to [Appellant's] Petition to Show Cause, the Beaver County Court of Common Pleas Orphans' Court directed that the proceedings be transferred to Allegheny County. On that same date, the Petition to Show Cause was filed with the Orphans' Court Division of Allegheny County on behalf of [Appellant], recaptioned, however, as an Amended Petition for Citation. Apart from a corrected averment that Julianna had been a resident of Allegheny County, rather than Beaver County, at the time of her death, the allegations set forth in the amended petition filed in Allegheny County were substantially unaltered from those contained in the petition that had been filed in Beaver County. In the amended petition, the term "Beaver" had been scratched out of the original petition and "Allegheny" had been handwritten above that scratch out.

Subsequently, following presentation and argument before Hearing Officer Timothy Finnerty at the Allegheny County Register of Wills, Findings of Fact and Conclusions of Law were issued regarding the Petition to Show Cause. Among the findings of fact set forth by Hearing Officer Finnerty was that, although Julianna's death certificate stated that she had been a resident of Allegheny County at the time of her death, [Appellant] had alleged otherwise in the petition which he had earlier caused to be filed with the Register of Wills Office in Beaver County, asserting in that petition that Julianna was a resident of Beaver County.

- 2 -

Among the further findings made by Hearing Officer Finnerty was that [Appellant] had not seen Julianna regularly and that [Appellant's] actions of filing in Beaver County for his Citation to Show Cause, signing a verification to that false pleading and falsely portraying the amount of time he had, in fact, spent in person with Julianna negatively affected the ability [of Appellant] to administer the Estate. Accordingly, on April 19, 2022, Hearing Officer Finnerty entered an order issuing [a] letter of administration solely to [M]other. Objections to the hearing officer's findings of fact, conclusions of law and order and a request for a *de novo* hearing before an Orphans' Court judge followed.

A conference went forward before the [orphans' court] on June 22, 2022. At that conference, counsel for [Appellant] asserted that there was no basis on the existing record upon which to exclude [Appellant] from an appointment as, at least, a co-administrator of his daughter's estate. More specifically, counsel urged that there are four factors to be considered when determining the fitness of an individual for appointment as an administrator and those factors are whether the individual (1) is a resident of Pennsylvania; (2) is insolvent; (3) has been convicted of a crime; or (4) has a hostile interest in the matter. That list of factors is derived from the decision in ***Fleming's Estate*** 32 Pa. D & C 245, 252 (1938). As noted in the decision rendered on appeal in that case, however, the bases for excluding or removing a fiduciary are anchored in statute and may be expressed more broadly than had been set forth in the common pleas court opinion. [***See In re Fleming's Estate***, 135 Pa. Super. 423, 427, 5 A.2d 599, 600 (1939).] …

Orphans' Court Opinion, 9/6/22, at 1-4 (footnotes omitted).

On June 23, 2022, the orphans' court entered an order denying Appellant's request for a *de novo* hearing on the order granting letters of administration to Mother.[1] The next day, the orphans' court entered an order

_____

[1] The orphans' court used a pen to cross through the language in the proposed order drafted by Appellant's counsel and handwrote "DENIED." ***See*** Order, 6/23/22.

denying Appellant's petition for citation to show cause why the Register's April 19, 2022, order should not be reversed. Order, 6/24/22. The orphans' court explained:

> An uncontested fact in this case is that [] Appellant, Joseph, opened an estate in a county that was not the last family or principal residence of his daughter. [Appellant]'s action was, if not deliberately contrary to law, then certainly an inexplicable disregard of the death certificate and in gross error. For that reason, [Appellant]'s request to be appointed administrator either in lieu of or jointly with [M]other was denied.

Orphans' Court Opinion, 9/6/22, at 5-6.

Appellant timely filed a single notice of appeal to both orders on June 29, 2022, and a court-ordered Pa.R.A.P. 1925(b) concise statement on July 14, 2022.

On August 1, 2022, this Court issued a rule to show cause for Appellant to address the appeal's timeliness. We stated:

> the orders do not appear to be final or otherwise appealable under Pa.R.A.P. 342 (governing appealability of orphans' court orders and permitting appeal from enumerated orders). ***See, e.g., McCutcheon v. Philadelphia Elec. Co.***, 788 A.2d 345, 349 (Pa. 2002) (stating that appeal properly lies only from final order unless otherwise permitted by rule or statute); ***see also*** Pa.R.A.P. 341(b)(1) (defining final order as one that disposes of all claims in and parties to action); ***see also In re: Estate of Cherwinski***, 856 A.2d 165, 166-67 (Pa. Super. 2004) … (providing that in estate case, generally, confirmation of final account represents final order, subject to filing and disposition of any exceptions).

Order, 8/1/22.

Appellant responded that the orphans' court "made a final decision … when it denied Appellant's request for a *de novo* hearing and denied

- 4 -

Appellant's petition for citation to show cause why the Order granting letters of administration should not be reversed." Appellant's Response, 8/15/22, at 1. Appellant emphasized his challenge to the orphans' court's decision that he is "not fit to administer the Estate of his daughter, who died in a train accident." *Id.* He argued:

> The Orphans' Court granted letters of administration to [Mother] and [she] has instituted a lawsuit relating to the incident which caused decedent's death. The claims adjudicated in the Orphans' Court related solely to who would administer the Estate of decedent. The Orphans', Court made a final decision in this regard when it denied Appellant's request for a *de novo* hearing and denied Appellant's petition for citation to show cause why the Order granting letters of administration should not be reversed. In other words, [Mother] can administer the Estate in the underlying lawsuit, while the Appellant has no say in the matter. Therefore, Appellant's claims have been disposed of.
>
> ***
>
> The basis of Appellant's claim is that he should be able to administer the Estate of his daughter during the underlying lawsuit. Once the underlying lawsuit is over, Appellant's claims are moot. If this Court were to quash Appellant's appeal, Appellant would have no right to make important decisions in the administration of his daughter's Estate.

*Id.* at 1-2 (citing *In re Est. of Tigue*, 926 A.2d 453, 456–57 (Pa. Super. 2007)).

On September 9, 2022, this Court entered an order quashing Appellant's appeal from the June 23, 2022, order. We stated,

> the appeal is QUASHED in part insofar as it is taken from the June 23, 2022 order denying Appellant's motion for *de novo* hearing. *McCutcheon v. Philadelphia Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002) (reiterating that appeal properly lies only from final order unless otherwise permitted by rule or statute); *see also* Pa.R.A.P.

341(b)(1) (defining final order as one that disposes of all claims in and parties to action).

Order, 9/9/22.

As to the June 24, 2022, order, we stated:

The rule is discharged, and the appeal shall proceed only insofar as it is taken from the June 24, 2022 order denying Appellant's petition for citation to show cause. This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. The parties are advised that the issues may be revisited by the merits panel to be assigned to this appeal, and the parties should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning these issues.

*Id.*

**Appealability**

We are persuaded by Appellant's finality argument and his reliance on

*In re Est. of Tigue*, as well as Pa.R.A.P. 342(a)(5) (titled "Appealable

Orphans' Court Orders" and providing "an appeal may be taken as of right …

from an order determining the status of fiduciaries, beneficiaries, or creditors

in an estate, trust, or guardianship").[2]

Appellant correctly observes that the June 24, 2022, order disposed of

Appellant's challenge to Mother's administration of Julianna's estate. It

appears that as administrator, Mother would impact "the status of fiduciaries,

beneficiaries, or creditors," contrary to Rule 342.

---

[2] Appellant cites Pa.R.A.P. 341 (Final Orders; Generally) as the basis for this Court's jurisdiction in his brief. *See* Appellant's Brief at 1. However, in his docketing statement, Appellant indicates that in addition to Rule 341, Pa.R.A.P. 301 (Requisites for an Appealable Order) and 342 (Appealable Orphans' Court Orders) support this appeal. *See* Superior Court of Pennsylvania, Civil Docketing Statement, 7/14/22, at 1.

Moreover, we have stated:

The register's decision to issue letters is a judicial act. *Estate of Osborne*, 363 Pa. Super. 200, 525 A.2d 788, 794 n. 9 (1987). A party contesting that act may appeal to the orphans' court. [*In re Estate of*] *Dilbon*, 690 A.2d [1216], 1218-1219 [(Pa. Super. 1997)]. **In turn, a party challenging a ruling of the orphans' court may, of course, appeal to this Court**. *See* [*In re Estate of*] *Klink*, 743 A.2d [482,] 484 [(Pa. Super. 1999)]; 42 Pa.C.S.A. § 742.

*In re Est. of Tigue*, 926 A.2d at 456 (emphasis added).

As indicated above, there is precedent for this Court to review a claim that the orphans' court improperly "determine[d] the proper individual to act as administrator[.]" *In re Est. of Klink*, 743 A.2d at 485. *See also Est. of Fritz v. Fritz*, 798 A.2d 243 (Pa. Super. 2002) (deciding appeal and vacating orphans' court order affirming Register of Wills' grant of letters of administration to first executor and denying letters of administration to second executor). Most recently, we affirmed the orphans' court order affirming the Register of Wills' refusal to appoint the appellant as administrator of an estate in *In re Est. of Schwartz*, 275 A.3d 1032 (Pa. Super. 2022). Accordingly, we address Appellant's substantive issue.

**Appellant's Challenge to Mother as Administrator**

Appellant presents the following question for our review:

1. Whether the trial court erred by denying Appellant's Petition for Citation to Show Cause Why the Register's Order of April 19, 2022 Should Not be Reversed, when the Hearing Officer and Trial Judge relied on facts that are immaterial to the analysis of whether one is qualified to serve as an administrator?

Appellant's Brief at 4.

- 7 -

We have explained:

If the orphans' court has held an evidentiary hearing, we will then afford the court's findings the same weight as a jury verdict, and we will disturb the court's decree only if it is unsupported by the evidence or if it includes an error of law. ***Dilbon***, 690 A.2d at 1218. **However, if the orphans' court did not take evidence, then our appellate review is limited to determining if the register abused its discretion**. ***Klink***, 743 A.2d at 484. An abuse of discretion is not merely an error in judgment. ***In Re Paxson Trust I***, 893 A.2d 99, 112 (Pa. Super. 2006). Rather, it involves bias, partiality, prejudice, ill-will, or misapplication of law. ***Id.***

***In re Est. of Tigue***, 926 A.2d at 457 (emphasis added).

Here, the orphans' court conducted a conference and heard argument but did not "take evidence." ***See id.*** We thus consider whether the Register abused its discretion. ***Id.***

Appellant argues he was erroneously disqualified "from serving as an administrator of his daughter's estate on the grounds that he failed to properly identify her county of residence." Appellant's Brief at 9 (citing ***In re Friese's Estate***, 176 A. 225, 227 (Pa. 1934)).[3] Appellant argues the decision was based on "external factors that do not properly indicate [A]ppellant's ability to serve as administrator." ***Id.***

The Register of Wills grants letters of administration pursuant to the following statutory provisions:

---

[3] Mother counters: "Appellant was not disqualified; rather, [Mother] was determined to be the individual who would best administer the Estate." Appellee's Brief at 8.

**(b) Letters of administration.--**Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

(1)    Those entitled to the residuary estate under the will.

(2)    The surviving spouse.

(3)    **Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate**, giving preference, however, according to the sizes of the shares of those in this class.

(4)    The principal creditors of the decedent at the time of his death.

(5)    Other fit persons.

(6)    If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

(7)    A guardianship support agency serving as guardian of an incapacitated person who dies during the guardianship administered pursuant to Subchapter F of Chapter 55[1] (relating to guardianship support).

(8)    A redevelopment authority formed pursuant to the act of May 24, 1945 (P.L. 991, No. 385), known as the Urban Redevelopment Law.

20 Pa.C.S.A. § 3155(b) (emphasis added, footnotes omitted).

We have stated:

As Section 3155 makes clear, it is the register who has the authority and duty to issue letters. When doing so, the register has some degree of discretion in selecting the appointee. However, that discretion must be exercised within the strictures of 20 Pa.C.S.A. § 3155. More specifically, the register can exercise discretion only within the class of entitled persons

and cannot, without good cause, deviate from the order of appointment set forth in the statute.

*In re Est. of Tigue*, 926 A.2d at 456 (citations omitted).

Section 3155 "preserves a register's ability to deny letters of administration for 'good cause.' 20 Pa.C.S.A. § 3155(b)." *In re Est. of Schwartz*, 275 A.3d at 1035. Referencing the note to § 3156, which governs persons who are not qualified to administer an estate, we have observed that

> the statutory scheme was intended to be "declaratory of existing law [...] in allowing the register to disregard unfit persons [citing *Friese's Estate*.]" 20 Pa.C.S.A. § 3156 Editor's Note (Jt. St. Govt. Comm. – 1949).

*Id.*

Our recent decision in *In re Est. of Schwartz* is instructive. In that case, the appellant was a creditor of the decedent and unsuccessfully sought appointment as administrator of the estate.[4] On appeal, this Court concluded that "the record supports a finding of good cause for the register's decision to deny [a]ppellant's petition" seeking to be granted letters of administration. *Id.* at 1037. Our decision was informed by the appellant's "lack of candor." *Id.* at 1036, n.5. We stated:

> Appellant did not disclose that he intervened in Decedent's action to set aside the tax sale, and that the matter is still pending. Nor did Appellant disclose [the a]ppellee's mortgage action pertaining to the Property. ... In other words, **the record supports a**

_____

[4] Appellant purchased the decedent's home "at the upset tax sale, and [d]ecedent's action to set the tax sale aside, in which [the a]ppellant has intervened, remain[ed] pending." *In re Est. of Schwartz*, 275 A.3d at 1035.

**finding that Appellant was less than fully forthcoming** in his petitions.

*Id.* at 1036 (emphasis added, footnote omitted).

Here, the orphans' court likewise observed:

Even if, as asserted by counsel for [Appellant], there had been no intentional misrepresentation on [Appellant's] part to the effect that his daughter was residing with him in Beaver County, [Appellant's] averment of [Julianna's] residence in Beaver County was nonetheless in disregard of the Register's Certification of Death and indicative of either a failure to responsibly review or an inability to comprehend that certification. The record establishes the disconcerting fact of an unsupportable assertion under oath that Julianna resided in Beaver County.

Orphans' Court Opinion, 9/6/22, at 6.

The court reasoned:

The decision to exclude [Appellant] as administrator or co-administrator rested upon the uncontroverted fact of [Appellant's] assertion under oath that his daughter resided in Beaver County. Indeed, in the Petition for Citation filed on [Appellant's] behalf it is "denie[d] that [Appellant] knew that Decedent was a resident of Allegheny County." A death certificate constitutes only *prima facie* evidence of its contents. Certainly, however, an application for letters of administration, which includes the submission of a death certificate as part of the necessary process, anticipates the applicant's knowledge of fundamental components of the death certificate. An application that is inconsistent with, disregards or indicates an incapacity to comprehend such components of the death certificate would seem to suggest unfitness for competent administration of an estate and incapacity to serve responsibly in the role of administrator of an estate.

This matter concerns a Petition to Show Cause Why the Resister's Order of April 19, 2022, should not be reversed. The Register awarded letters of administration to [M]other and declined to, instead, issue letters to [Appellant]. The burden rested with [Appellant] to demonstrate cause for setting aside the Register's Order. That burden consisted both of demonstrating the unfitness of the then-current administratrix and also

demonstrating the fitness and appropriateness of [Appellant] to assume the role of administrator. Even assuming that it had been demonstrated in this case that [M]other was unfit to serve as administratrix, it would not necessarily have followed that the [Appellant] should then, by default, be appointed as administrator. Based on the record presented, it could not be concluded that [Appellant] could serve responsibly as an administrator of the estate.

*Id.* at 6-7 (footnote omitted).

The orphans' court's rationale is supported by "the record presented."

*See id.* Consistent with both the record and prevailing legal authority, we discern no abuse of discretion in the Register's appointment of Mother as administrator. We thus affirm the denial of Appellant's petition for citation to show cause why the Register's order of April 19, 2022 should not be reversed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2023