J-A28015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF HELEN HARM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: MICAHEL PAUL DETTY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1702 EDA 2024 |

Appeal from the Order Entered May 24, 2024
In the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2023-E0600

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED JANUARY 14, 2025**

Michael Paul Detty ("Appellant") appeals *pro se* from the order entered on May 24, 2024, denying his petition for an accounting of the estate of Helen Harm ("Decedent"), Appellant's mother. Appellant asserts the orphans' court erred in finding the Decedent's Last Will and Testament ("Will") was not the product of forgery, that Appellant knowingly and voluntarily renounced and disclaimed his interest in Decedent's estate, and Appellant lacked standing to request an accounting. We affirm.

The orphans' court set forth the relevant factual and procedural history:

On September 24, 2021, Decedent … passed away. Decedent died at the home of her son Paul Detty (hereinafter "Appellee"). The home was located at 4 Indian Creek Pass, Levittown, PA (hereinafter "Indian Creek Pass Property") in the County of Bucks. Decedent died testate with a [Will] dated January 22, 2003. The Decedent's Will provided that the proceeds from the sale of her home located at 48 Ruby Lane, Levittown, PA (hereinafter "Ruby Lane Property"), were to be divided equally

between her three (3) children as follows: [o]ne [t]hird share to go to Appellee Paul Detty, [o]ne [t]hird share to go to Cheryl A. Heich[, also known as Cheryl Presti,] and [o]ne [t]hird share to go to the Appellant …. [Appellant]'s share was to be placed in [a] [t]rust, with payments of [o]ne [t]housand [d]ollars ($1,000.00) per month until the [t]rust fund was exhausted.

In or about 2010, [Decedent] was diagnosed with vascular dementia. After her husband's passing on December 6, 2011, she moved from the Ruby Lane Property to the Indian Creek Pass Property to live with Appellee and his family. Decedent lived at the Indian Creek Pass Property until her death.

On June 6, 2022, the Register of Wills of Bucks County granted Letters Testamentary to Appellee upon consideration of his petition filed on the same date. Approximately eighteen months after the Decree of the Register, Appellant filed the instant petition contesting the validity of the Decedent's Will. In answer to the petition, Appellee … denied Appellant's forgery allegations and stated that [] Appellant agreed to renounce his interest in the Decedent's estate to allow Decedent's disabled granddaughter to continue living in the Ruby Lane Property. To effectuate this renunciation, Appellant, of his own volition, went to the home of Appellee and executed a renunciation and disclaimer and Acknowledgement and Consent on July 4, 2022, in the presence of a notary public. Appellee videotaped the execution and notarization of Appellant's signatures upon the relevant documents.

On March 11, 2024, we held a conference with the parties on the record in an effort to clarify the issues to be decided by the [c]ourt. [] Appellant's issues, as clarified by him at [the] conference and eventually litigated before the [c]ourt, can be summarized as follows: (1) Appellant contested the validity of the [Will] of [Decedent] dated January 22, 2003 on the grounds that the signatures of the Decedent were allegedly forged; (2) Appellant contested the validity of the renunciation and disclaimer he executed on the grounds that it was not executed knowingly or voluntarily; and (3) Appellant sought to compel Appellee to file a formal accounting of his actions as Executor of the Estate of Helen Harm.

A hearing on the merits of the petition was held on April 22, 2024. Following the hearing, [the orphans' court] took the matter

- 2 -

under advisement. [The orphans' court] issued a [m]emorandum [o]pinion and [d]ecree on May 24, 2024, denying Appellant's claims. On June 24, 2024, Appellant … filed a [n]otice of [a]ppeal to the Superior Court from [the] [d]ecree.

Orphans' Court Opinion, 8/16/24, at 1-3 (record citations omitted).

Appellant complied with the orphans' court order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). Appellant raises the following issues for our review:

[1.] Whether the Last Will and Testament of Helen Harm, Appellant's mother, is valid and not the product of forgery?

[2.] Whether Appellant's renunciation and disclaimer of his interest in the estate of Helen Harm was knowingly and willfully executed and therefore valid?

[3.] Whether [Appellant] lacks standing to compel a formal accounting of [Appellee]'s actions as executor of the estate of Helen Harm, due to [Appellant] not knowingly and willfully [renouncing] and [disclaiming] his interest in the estate of Helen Harm?

[3.1.] Whether Appellant's request for his right to a formal accounting of [Appellee's] … actions as executor of the estate of Helen Harm should have been honored?

[4.] Whether Appellant[] was denied the opportunity to present the testimony that[] [Cheryl Presti[1]] was the second representative of the estate?

_____

[1] Appellant's Brief lists a "Cheryle Hight" as a potential witness, however, a Cheryl Presti was present at the hearing held on April 22, 2024, and she identified herself as the sister of both Michael and Paul Detty. **See** N.T. Hearing, 4/22/24, at 6. We believe this is the witness Appellant refers to as she was initially identified as Cheryl Heich at the hearing, and she corrected Appellee's attorney by telling the court her last name is Presti. **See id.**

[5.] Whether Appellant's indentures [] w[ere] not served by [Appellee's] lawyer [] to Appellant's place of business and his residen[ce] on [June 20, 2020], until [November 9, 2022]?

Appellant's Brief, at 4 (unnecessary capitalization removed).

Appellant argues the orphans' court erred in its order finding Appellant is not entitled to relief. As such, our standard and scope of review is as follows:

> When an appellant challenges a decree entered by the orphans' court, our standard of review requires that we be deferential to the findings of the orphans' court.
>
> We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Schwartz*, 275 A.3d 1032, 1033-34 (Pa. Super. 2022) (brackets and citations omitted).

Before we turn to the merits of Appellant's claims, we must first determine if he has preserved his issues for our review. Appellee argues Appellant waived all but his first issue because they were not presented to the orphans' court. *See* Appellee's Brief, at 10-11. The orphans' court found Appellant's fourth and fifth issues waived:

> As a preliminary matter, we note for clarification purposes that Appellant has failed to substantiate or preserve many of his [c]oncise [s]tatement arguments. Appellant argues that (1) Appellees withheld information from Appellant, (2) Appellees "took advantage of Appellant's mother's dementia" upon transferring a supposed mountain property to themselves illicitly,

(3) that the [c]ourt denied Appellant's request to have certain individuals testify, or (4) that Appellant was not properly served in relation to his renunciation and disclaimer of his interest in Decedent's estate. Appellant did not present any evidence or make argument with respect to the above-stated issues at [the] hearing. Accordingly, we perceive that those issues are waived pursuant to Pennsylvania Rule of Appellant Procedure 302(a). Accordingly, our discussion of the issues raised by Appellant is limited to the issues he has preserved.

Orphans' Court Opinion, 8/16/24, at 5-6 (citations omitted). The orphans' court thereafter only discussed Appellant's claims regarding the credibility of the witnesses at the hearing, the allegation of forgery, and Appellant's renunciation of his interest in the estate. *See id.* at 6-9.

Notably, the orphans' court held a status hearing on March 11, 2024, to confirm what issues Appellant wished to raise. *See* N.T. Hearing, 3/11/24, at 3-4, 9-10, 16-17. Appellant confirmed at that hearing that he intended only to raise an allegation of forgery on Decedent's Will, and his allegation that he did not knowingly and voluntarily sign the renunciation and disclaimer. Appellant did not raise any claim regarding service.

Moreover, Appellant's fourth issue was not presented to the orphan's court. Appellant's witness, Cheryl Presti, was identified as present at the hearing held on April 22, 2024. *See* N.T. Hearing, 4/22/24, at 5-6. Appellant did not call Ms. Presti as a witness, nor did he raise any objection at the end of the proceedings asserting his witness was not present or he was unable to call his witness. Therefore, Appellant's fourth and fifth claims are waived for failure to present them to the orphans' court.

- 5 -

Turning to Appellant's remaining arguments, we note that while "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **S.S. v. T.J.**, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citation omitted). Appellant's first argument states, in full: "Review of the evidence provided clearly shows that the "a" in each of Decedent's margin signature is not consistent with Appellant's recollection of his mother's signature. Appellant intends to produce a [h]andwriting [e]xpert[] to confirm this fact." Appellant's Brief, at 8 (record citation omitted). Appellant provides no authority to support his position. "This Court has repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." **In re Estate of Schumacher**, 133 A.3d 45, 51 (Pa. Super. 2016) (citations omitted). This claim is therefore waived for failure to develop it.

Even if Appellant did not waive this claim, he would not be entitled to relief. The orphans' court found:

> At [the] hearing, Janet Detty and Shauna Detty testified. They each stated that the signatures at issue on the Last Will and Testament of Helen Harm were, in fact, Decedent's signature. Each witness stated that the basis for their testimony was personal knowledge of Decedent's signature as written on various cards and checks that they observed. We found each witness to be credible and predicated our findings on the quality of their testimony and a thorough review of the document in question.
>
> Appellant also had the opportunity to cross-examine each witness. Appellant's questioning did not diminish the credibility of the witnesses, but to some degree even bolstered their credibility. Much of the cross-examination Appellant engaged in related to Decedent's signature containing a "curli[]cue" after each "H" in

- 6 -

her name. Even Appellant confirmed that such a mark was a clear indicator of Decedent's hand:

> Janet Detty: Her curli[]cue.
>
> The court: All right.
>
> Janet Detty: It's her curli[]cue.
>
> [The court: The witness described that as a curlicue.]
>
> [Appellant]: There you go. It looks like a curli[]cue.
>
> Janet Detty: Which your mother signed all of the time like that.
>
> [Appellant]: I know that. You said the exact same thing I would say.

*See* N.T. [Hearing,] 4/22/24, at [] 17-18.

> In sum, we found each of the witnesses to be credible. We did not make our decision based on the number of witnesses presented by Appellee at [the] hearing or the lack of witnesses presented by Appellant at [the] hearing. Our determination regarding the validity of various signatures at issue in this case was made after careful consideration of the testimony and plain review of the signatures at issue.

Orphans' Court Opinion, 8/16/24, at 7-8 (footnote omitted).

The orphans' court's factual findings are supported by the record as both Decedent's daughter-in-law and granddaughter testified to knowing Decedent's signature well and confirmed all signatures on Decedent's Will were valid. *See Schwartz*, 275 A.3d at 1033. We are therefore bound by the orphans' court's credibility findings. *See id.* Appellant's first claim is meritless.

Next, Appellant asserts his renunciation and disclaimer were not knowingly and willfully executed. Appellant's entire argument is as follows:

- 7 -

Appellant can prove that he was intoxicated at the [h]earing where he unwillingly signed [the] disclaimer; and that Notary Nicol[l]e Tor[n]etta, although a friend of the Detty family, was not a friend of Appellant, as well as participated in the conspiracy, knowing that Appellant did not understand the words renunciation or disclaimer, nor did he understand the documents detailing his disclaimed interest.

Appellant's Brief, at 8.

Appellant has not provided this Court with any legal authority for this claim to support his argument that we have authority to reverse the orphans' court on this basis. As such, this issue is waived. **See Schumacher**, 133 A.3d at 51. Even if not waived, Appellant's claim is meritless.

The orphans' court found:

Appellant next argues that the renunciation and disclaimer executed on July 4, 2022 was invalid. He testified at [the] hearing and maintained in this appeal that his signature was incomplete and that he "purposely signed his name wrong" in an effort to catch the Appellees forging his signature.

We did not find Appellant's testimony at [the] hearing to be credible. Our determination that the renunciation and disclaimer was executed knowingly and voluntarily was based in part upon the testimony of Shauna Detty, Janet Detty, Tina Meo, and Nicolle Tornetta, all of whom were present for the execution of the document. The testimony of these witnesses was further bolstered by the videographic evidence of the event that was presented to the [c]ourt at [the] hearing. We found that [Appellant] knowingly and voluntarily disclaimed his interest in the Decedent's estate and therefore lacked standing to compel an accounting of his brother's actions as Executor of Decedent's estate.

Orphans' Court Opinion, 8/16/24, at 8 (footnotes omitted).

The record supports the orphan's court's factual determinations. Tina Meo testified Appellant was sober at the meeting on July 4, 2022. **See** N.T

Hearing, 4/22/24, at 33. Nicolle Tornetta testified to reading the Will, renunciation paperwork, and a questionnaire to Appellant before he signed the renunciation and disclaimer. *See id.* at 55-58. She further confirmed the video played for the court was a true and correct copy of the video recorded of Appellant's renunciation and disclaimer on July 4, 2022. *See id.* at 62-63. Shauna Detty also testified Appellant was sober on July 4, 2022, and she was the one who recorded the video played for the court. *See id.* at 74. The record shows that the orphans' court did not abuse its discretion, and Appellant is not entitled to relief. *See Schwartz*, 275 A.3d at 1033.

Finally, Appellant asserts he is entitled to an accounting of Decedent's estate. Appellant argues he "has alleged and expects to prove by the evidence, that he has the standing required to compel a personal representative to file an account of Paul Detty's actions as Executor of Decedent's Estate." Appellant's Brief, at 8; *see also id.* at 9. Appellant has not provided a review of facts of record that would support his claim that he has standing to pursue a request for accounting. This issue is therefore waived for failure to develop it. *See In re Estate of Anderson*, 317 A.3d 997, 1006 (Pa. Super. 2024) ("this Court will not act as counsel and will not develop arguments on behalf of an appellant.") (brackets and citation omitted).

Even if not waived, Appellant is not entitled to relief, as without an interest in the Decedent's estate, he is not entitled to an accounting.

> In Pennsylvania, the doctrine of standing is a prudential, judicially-created principle designed to winnow out litigants who

have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpassed the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*In re Nadzam*, 203 A.3d 215, 220-21 (Pa. Super. 2019) (brackets, emphasis, and citations omitted). "It is well settled that one having no direct interest in an estate cannot demand an account[.]" *In re Kilpatrick's Estate*, 84 A.2d 339, 340 (Pa. 1951) (citation omitted). As the orphans' court did not err in finding Appellant had renounced and disclaimed his interest in Decedent's estate, Appellant does not have standing to seek an accounting of the estate because he does not have a "substantial, direct and immediate interest in the outcome of the [estate.]" *Nadzam*, 203 A.3d at 220.

Because we find Appellant waived all claims, and alternatively, they are meritless, we affirm the order of the orphans' court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/14/2025