2022 PA Super 144

| | |
|---|---|
| IN RE: ESTATE OF: THOMAS WISNIEWSKI, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: MARIANNE SAWICKI | No. 1432 MDA 2021 |

Appeal from the Order Entered October 1, 2021
In the Court of Common Pleas of Huntingdon County
Orphans' Court at No: 2021-002050

BEFORE:  STABILE, J. KING, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.:                    **FILED AUGUST 22, 2022**

Appellant, Marianne Sawicki, appeals from the October 1, 2021 order denying her petition for letters of administration for the estate of Thomas Wisniewski.  We quash.

The Decedent, Thomas Wisniewski, was serving a life sentence at SCI-Smithfield prior to his death on December 17, 2020.  Appellant had been representing Decedent on a contingent fee basis in a prison conditions lawsuit against various defendants from the Pennsylvania Department of Corrections (the "DOC").  The DOC Litigation commenced on August 17, 2015.  Declaration of Marianne Sawicki, 8/11/21, at ¶¶ 5-9.  According to

---

[*] Former Justice specially assigned to the Superior Court.

the declaration, Decedent was in debt to Appellant for various litigation expenses as of his death. *Id.* at ¶ 15. Appellant can recover those expenses, along with a contingent fee, only upon successful resolution of the DOC Litigation. *Id.* at ¶ 16.

Decedent's surviving children elected not to pursue the DOC Litigation and ultimately did not respond to Appellant's request to renunciate their right to administer the Decedent's estate. *Id.* at ¶¶ 5-9. Appellant therefore attempted to file a petition for letters of administration with the Huntington County Register of Wills (the "Register") so that she could continue to pursue any claims that survive Decedent's death. Appellant claims the Register refused to accept the petition for filing and returned it to Appellant with a suggestion that she file it with the orphans' court and request a hearing.[1] Appellant did so on August 27, 2021. No party has come forth in opposition.

In its order and opinion denying Appellant's petition **without a hearing**, the orphans' court wrote:

> **1. The Clerk of the Orphans' Court is directed to file the Petition for Grant of Letters filed by [Appellant] with the Register of Wills on August 11, 2021 (the "Original Petition"), as the petition for grant of letters of**

---

[1] Exhibits to Appellant's brief contain correspondence between Appellant and the Register purporting to support Appellant's argument. We remind Appellant that this Court can consider only facts contained in the certified record. Pa.R.A.P. 1921.

**administration in this matter, and to docket the Petition as the same.**

2. **The Court finds, based on the representation of [Appellant], that the Register of Wills denied the Original Petition on August 20, 2021.**

3. As the correct procedure to contest a decision of the Register of Wills is an appeal to this Court pursuant to [20] Pa.C.S.[A.] § 908, but the Register of Wills and [Appellant], both acting separately and in good faith, erroneously believed that the proper procedure to contest the above denial was for [Appellant] to file a second petition for grant of letters in this Court, the Petition for Letters of Administration filed by [Appellant] on August 27, 2021 (the "Appeal Petition," and, together with the Original Petition, the "Petitions"), is hereby accepted and reviewed by this Court as a petition for appeal from such denial. The Clerk of the Orphans' Court is hereby directed to correct the docket entry for the Appeal Petition such that it is shown as an appeal from the Register of Wills' denial.

4. Upon review of the Petitions, the Court finds that [Appellant] is entitled neither to letters of administration under 20 Pa.C.S.[A.] § 3155 nor letters of administration *pendente lite* under 20 Pa.C.S.[A.] § 3160. [Appellant's] appeal is therefore denied, and the decision of the Register of Wills is affirmed.

Orphans' Court Order and Opinion, 10/1/21, at 1-2 (emphasis added).

In summary, it appears that the orphans' court, in its October 1, 2021 order and opinion, ordered the prothonotary to amend the docket to reflect the filing, with the Register on August 11, 2021, a petition of which there was no previous record. The trial court then found, based on an alleged representation from Appellant, that the Register denied Appellant's petition on August 20, 2021. As noted above, Appellant maintains on appeal that the Register refused to accept the petition for filing and never decided it. In

any event, paragraphs one and two of the orphans' court's order establish that, as of the date of the order, there was no record of Appellant's prior petition or the Register's action thereon.

Pursuant to 20 Pa.C.S.A. § 901, original jurisdiction over petitions for letters of administration rests with the local register of wills. 20 Pa.C.S.A. § 901 ("Within the county for which he has been elected or appointed, the register shall have jurisdiction of the probate of wills, the grant of letters to a personal representative, and any other matter as provided by law."). The orphans' court has jurisdiction over any appeal therefrom. 20 Pa.C.S.A. §§ 711(18), 908. "The register's decision to issue letters is a judicial act. A party contesting that act may appeal to the orphans' court." *In re Tigue*, 926 A.2d 453, 456 (Pa. Super. 2007).

Given the state of the record and the applicable law, we are constrained to quash this appeal. The Register, not the orphans' court, had original jurisdiction over Appellant's petition. In this case, the orphans' court—according to its own order and opinion—attempted to clothe itself with jurisdiction by ordering backdated docketing of an unfiled petition and then deeming that petition denied based on an alleged (and hotly contested) representation from the petitioner. Because no petition had been filed or decided by the Register as of the date of the order on appeal, the orphans' court had no jurisdiction act. This is so regardless of anything Appellant

may or may not have said to the orphan's court about the Register's decision.

Having arrived at this conclusion, we offer several additional observations. First, we have before us a dispute of fact, not between adverse parties, but between Appellant and the orphans' court. That is, the orphans' court's order—and indeed its power to act—rested on its own account of Appellant's alleged representation (apparently off the record) of the Register's decision. Appellant, in turn, spends a portion of her appellate brief disputing that point. This Court is not a fact-finding court, and disputes of fact between a presiding judge and a party should never happen. **See** Pa.R.E. 605 ("The presiding judge may not testify as a witness at the trial or other proceeding").

Second, Appellant suggests (*de hors* the record) that the Register's action—returning her petition unfiled—was a matter of local custom in cases where the person petitioning for letters is unable to procure renunciations from heirs who have not come forward. Appellant's Brief at 13-14. Local custom does not prevail over statutory law, especially where the applicable statutes authorize a court's power to act.

Finally, when the Orphans' Court declines to conduct a hearing[2] on an appeal from the Register's decision, the following considerations apply:

> [W]hen a party appeals from the Register's appointment of an administrator, the Orphans' Court is not required to conduct an evidentiary hearing. *See generally* [*Tigue*, 926 A.2d at 456]. However, if the Orphans' Court declines to conduct a hearing and receive evidence, this Court's subsequent review is limited to determining if the **Register**, rather than the Orphans' Court, abused its discretion. *Id.*; *see also In Re Fritz*, 798 A.2d 243, 244-45 (Pa. Super. 2002).

*In re Huber*, 197 A.3d 288, 293 n.6 (Pa. Super. 2018) (emphasis in original). Instantly, there was no decision of record from the Register **and** no hearing before the orphans' court. Thus, we have nothing to review.

If there are any future proceedings in this matter, all involved should take care to adhere to all statutorily prescribed procedures. If this matter comes before the orphans' court again and any factual disputes remain unresolved, the court should be mindful of our statement in *Huber*.

For the foregoing reasons we quash the appeal.

---

[2] Given the lack of hearing, we have no way to assess the orphans' court's finding, in paragraph three of its opinion, that Appellant and the Register proceeded on a good faith understanding of applicable procedure. And again, this finding seemingly presents a dispute of fact between the orphans' court and Appellant, who claims that the Register understood her action and did precisely what she meant to do.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2022