# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Wisniewski,     :
     Appellant   :
           :
   v.       : No. 912 C.D. 2021
           :
James F. Frommer, Jr., D.O.;   : Submitted: May 4, 2022
Andrew J. Dancha, D.O.;    :
Correct Care Solutions, LLC;   :
Deborah Cutshall; William Dreibelbis, :
R.N.; Paul A. Noel, M.D.; Eugene H. :
Ginchereau, M.D.; Kathy Montag;  :
Jodie White; Andrea Norris, R.N.;  :
Joseph J. Silva, R.N.; Christopher  :
Oppman; Pennsylvania Department of :
Corrections        :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH      FILED: February 16, 2023

   This case returns to us after this Court remanded the matter to the Court of Common Pleas of Huntingdon County (trial court), *Wisniewski v. Frommer* (Pa. Cmwlth., No. 266 C.D. 2020, filed February 11, 2021), with specific instructions on how to proceed with the case after the appellant, Thomas Wisniewski, died while his appeal was pending. Following her unsuccessful attempts on remand to open an estate on behalf of Wisniewski, Wisniewski's former counsel, Marianne Sawicki (Ms. Sawicki), now returns to this Court, having filed a notice of appeal from the trial court's July 14, 2021 order denying her application for leave to amend Wisniewski's

underlying complaint and dismissing the action with prejudice. As of this date, a personal representative has not been appointed for Wisniewski and an estate has not been opened. For the reasons that follow, we dismiss the appeal.

## I. Facts and Procedural History

The case has a long history. For our limited purposes, the relevant history is as follows. In 2015, Wisniewski initiated an action in the trial court against numerous defendants, including the Pennsylvania Department of Corrections (DOC) and DOC employees, alleging, *inter alia*, claims for breach of contract for inmate health care and medical malpractice in connection with treatment he received while incarcerated at the State Correctional Institutional (SCI) at Smithfield ("the 2015 action"). The trial court sustained preliminary objections to most, but not all, of the claims. Wisniewski filed an appeal to the Superior Court. On January 28, 2020, the Superior Court transferred the appeal to this Court because the appeal involved a Commonwealth party. The appeal was docketed in this Court at No. 266 C.D. 2020.

On December 17, 2021, during the pendency of that appeal, Wisniewski died. As a result, on February 11, 2021, this Court entered the following order (Remand Order):

> AND NOW, this 11th day of February, 2021, counsel for [Wisniewski] having advised the Court that [Wisniewski] is now deceased, it appears that this appeal in its current posture is no longer justiciable. Therefore, **this case is remanded to the [trial court] so that it may entertain an application to amend the [c]omplaint [in the 2015 action] to assert a survival claim, if any, by the estate of Thomas Wisniewski, should such an estate be opened, and to adjudicate such claim; or, if no such application is filed within ninety days of the return of the original record from this Court, to dismiss the [c]omplaint [in the 2015 action]. Jurisdiction relinquished.**

2

(Remand Order at 1) (emphasis added).[1]

After our Remand Order was entered, Ms. Sawicki unsuccessfully attempted to open an estate for Wisniewski. Wisniewski's surviving heirs, his adult children, declined to serve as personal representatives or to petition to open the estate themselves. However, SCI-Smithfield inmate Franklin Castle (Castle) agreed to serve as administrator *pendente lite*, and, on June 9, 2021, he signed, before a notary, a petition for letters of administration *pendente lite*. The Register of Wills in Huntingdon County rejected this petition as she had not witnessed Castle's signature, which is required under 20 Pa.C.S. §3154(a). The Register of Wills then proposed that Castle sign the petition via video call; however, on June 21, 2021, the Huntingdon County Court Administrator indicated she was unable to set up the video call. (Reproduced Record (R.R.) at 7a, 10a, 16a, 18a-20a.)

On June 25, 2021, Ms. Sawicki filed two applications with the trial court in the 2015 action: (1) an application for leave to amend the complaint to allow Castle to continue the action in the place of the now-deceased Wisniewski so that the litigation could continue; and (2) an application for a writ of *habeas corpus ad testificandum*, seeking to have Castle transported to the Huntingdon County Register of Wills so he could appear in person to sign the petition for letters of administration *pendente lite*. (R.R. at 11a-12a, 14a-20a.)

By order dated July 14, 2021, the trial court denied Ms. Sawicki's application for leave to amend the complaint and dismissed the 2015 action with prejudice because an estate had not been opened within the 90-day period provided by this Court in its Remand Order. The trial court explained that while Ms. Sawicki had filed an application for leave to amend the complaint, "she did not complete the

[1] The trial court received the record from this Court on March 30, 2021. (Reproduced Record (R.R.) at 7a.) Thus, an estate had to be opened and an application to amend the complaint had to be filed by June 28, 2021.

3

predicate step of opening [Wisniewski's] estate. In the absence of a valid estate[,] no party has standing to assert claims on Wisniewski's behalf." (Trial ct. op. 7/14/21 at 2.)[2]

Ms. Sawicki filed a motion for reconsideration on July 21, 2021, asserting she was a creditor to Wisniewski's estate and reimbursement was owed.[3] On August 13, 2021, Ms. Sawicki filed a notice of appeal in this Court "*pro se*," citing Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 501 and stating that she "is a party aggrieved by the Order." *See also* Appellant's Brief at 12 ("Undersigned counsel appeals as a party aggrieved by the July 14, 2021 Order, pursuant to Pa.R.A.P. 501.").

## II. Appeal

On appeal, Ms. Sawicki essentially challenges the efficacy of the trial court's July 14, 2021 order denying her application for leave to amend the complaint and dismissing the 2015 action with prejudice. Apparently, acknowledging that a deceased person cannot be a party to an action, Ms. Sawicki also claims **she** should be permitted to appeal in her own right because she is an aggrieved party under Pa.R.A.P. 501.

## III. Discussion

### A. Subject Matter Jurisdiction

Initially we note that this Court first exercised subject matter jurisdiction over this matter when it was transferred by the Superior Court to the Commonwealth

---

[2] With respect to the application for a writ of *habeas corpus ad testificandum*, the trial court dismissed the application because it should have been filed in the Orphans' Court but noted in dicta that the manner in which Ms. Sawicki sought to form an estate, by using a fellow prisoner as the representative of the estate, was improper.

[3] There is no order from the trial court ruling on the motion for reconsideration in the record; however, the trial court states in its Pa.R.A.P. 1925(a) opinion that it denied the motion after the filing of the present appeal and that it elected to use Ms. Sawicki's motion for reconsideration as her statement of errors.

4

Court upon the request of DOC. In our subsequent order remanding the case to the trial court, we made clear that the trial court should "dismiss the [c]omplaint" if no estate was opened and an application to amend the complaint to assert a survival claim was not filed. On remand, the trial court denied the application for leave to amend the complaint and dismissed the complaint with prejudice. The trial court acted in direct response to, and entirely within the bounds of, this Court's remand order.

"[T]he test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs." *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation & Parole)*, 860 A.2d 25, 29 (Pa. 2004). "In other words, we determine whether 'the court [has] power to enter upon the inquiry, **not whether it might ultimately decide that it [is] unable to grant the relief sought in the particular case**.'" *Id*. (emphasis added).

Applying this case law, it is beyond cavil that the trial court was competent to address Ms. Sawicki's application for leave to amend the complaint in the 2015 action, and to pass upon whether to substitute Castle as plaintiff in place of the now-deceased Wisniewski. *Rosenberg v. Silver*, 97 A.2d 92, 94 (Pa. 1953) ("it cannot be questioned that the court of common pleas was empowered to refuse the permission sought for in the substitution of parties").[4]

---

[4] Moreover, Wisniewski's original appeal was transferred to this Court on January 28, 2020, because this Court has subject matter jurisdiction when DOC is defendant. Wisniewski's death while the appeal was pending in this Court triggered application of Appellate Rule 502(a) which provides, in pertinent part:

> (a) Death of a party.--If a party dies after a notice of appeal or petition for review is filed or while a matter is otherwise pending in an appellate court, the personal representative of the deceased party may be substituted as a party on application filed by the representative or by any party with the prothonotary of the appellate court. The application

**(Footnote continued on next page…)**

Thus, we conclude that the trial court unquestionably had subject matter jurisdiction to first determine whether to grant the application for leave to amend the complaint and to dismiss the action if it saw fit.[5] Having determined that the trial court had subject matter jurisdiction over the matters below, we turn next to whether this Court has subject matter jurisdiction over the appeal.

The denial of motion to amend to a substitute personal representative and to dismiss a case on the grounds that a personal representative has not been appointed is a final appealable order. *See Nelson v. Estate of Massey*, 686 A.2d 1350 (Pa. Super. 1996) (affirming (not dismissing for lack of subject matter jurisdiction) trial court's decision that complainant was not entitled to amend complaint to name personal representative of decedent's estate).

Section 762 of the Judicial Code vests this Court with jurisdiction over "final orders of the courts of common pleas" involving, *inter alia*, local government

---

of a party shall be served upon the representative in accordance with the provisions of Pa.R.A.P. 123. If the deceased party has no representative, any party may suggest the death on the record and **proceedings shall then be had as the appellate court may direct**. . . .

Pa.R.A.P. 502(a) (emphasis added).

Because Wisniewski died while his appeal was pending and because he had no personal representative, this Court remanded in accordance with Appellate Rule 502(a) with specific directions to the trial court. On remand, the trial court followed our order by dismissing the case when an estate had not been opened and a personal representative, who could have filed the motion to amend the complaint, was not appointed in 90 days.

[5] The trial court's dismissal of the 2015 action was consistent with *Grimm v. Grimm*, 149 A.3d 77, 83 (Pa. Super. 2016), because without a valid personal representative the trial court **no longer** had subject matter jurisdiction; hence it dismissed the complaint for that reason and that order was appealable to this Court. *See* discussion *supra.* The fact that the trial court ultimately denied Ms. Sawicki's application for leave to amend on the grounds that a personal representative had not yet been appointed does not mean it lacked subject matter jurisdiction to: (1) rule on the application for leave to amend the complaint or (2) dismiss the 2015 action on the grounds that no personal representative had been appointed. *See Heath*, 860 A.2d at 29.

civil matters. 42 Pa.C.S. §762(a)(4). Pa.R.A.P. 341(a) provides generally that an appeal may only be taken as of right from a final order of a government unit or trial court. Pa.R.A.P. 341(a); *Pennsylvania Manufacturers' Association Insurance Company v. Johnson Matthey, Inc*., 188 A.3d 396, 399 (Pa. 2018). Under Pa.R.A.P. 341(b), a final order is an order that either disposes of an action or is otherwise expressly entered as a final order. Pa. R.A.P. 341(b). A final order is one that disposes of all claims or parties and ends the litigation. *Piltzer v. Independent Federal Savings & Loan Association of Philadelphia*, 319 A.2d 677, 678 (Pa. 1974). A final appealable order subject to our review has now been appealed.

## B. Standing

We now address Ms. Sawicki's standing to file the appeal *pro se*, as she claims she is an aggrieved "party" pursuant to Appellate Rule 501(a). Pa.R.A.P. 501(a).

Absent statutory exceptions that are not relevant to this appeal, Appellate Rule 501 explicitly requires an appellant to be **a party to the matter on appeal**. Pursuant to Pa. R.A.P. 501(a), "[e]xcept where the right to appeal is enlarged by statute, any **party** who is aggrieved by an appealable order . . . may appeal therefrom." (Emphasis added.) A "party" is defined in the Judicial Code as **"[a] person who commences or against whom relief is sought in a matter**." Section 102 of the Judicial Code, 42 Pa.C.S. §102. (Emphasis added.) Accordingly, an appeal by one who was not a party to a proceeding in the trial court must be dismissed. *Society Hill Civic Association v. Pennsylvania Gaming Control Board*, 928 A.2d 175, 183 (Pa. 2007); *In re Barnes Foundation*, 871 A.2d 792, 794 (Pa. 2005); *Mechanics National Bank v. Buchman*, 97 A. 1056 (Pa. 1916); *In re Tax Sale Held September 10, 2003 by*

*Tax Claim Bureau of County of Lackawanna*, 859 A.2d 15, 20 (Pa. Cmwlth. 2004); *Stanbro v. Zoning Hearing Board of Cranberry Township*, 566 A.2d 1285, 1286 (Pa. Cmwlth. 1989). *See also In re Devereux's Estate*, 46 A.2d 168 (Pa. 1946) (no standing to appeal because appellant never properly became a party to the proceeding in trial court).

Here, Ms. Sawicki appeals *pro se* from an order from the trial court in an action where she was **not a party**, but rather, former counsel to her deceased client. She did not commence the 2015 action. The only party who commenced the 2015 action was Wisniewski.

The fact that Ms. Sawicki was Wisniewski's attorney does not make her a party to the action. "An attorney is not a party to the action or suit in which he or she has been retained but instead he or she acts on behalf of and in the name of the client, is the agent of the client, and in court stands in the client's stead." 7A C.J.S. Attorney & Client §256 (2022). *See also In re Geniviva*, 675 A.2d 306 (Pa. Super. 1996) (holding executor's former attorney did not have standing under Appellate Rule 501 to appeal the trial court's order that surcharged an executor and did not direct the attorney to take any action with respect to the estate).[6]

Although this Court has subject matter jurisdiction to hear this appeal, because Ms. Sawicki lacks standing to file this appeal, we must dismiss the appeal.

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] Although Pennsylvania Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Company*, 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Wisniewski,            :
           Appellant       :
                            :

        v.                 :    No. 912 C.D. 2021
                            :

James F. Frommer, Jr., D.O.;   :
Andrew J. Dancha, D.O.;     :
Correct Care Solutions, LLC;  :
Deborah Cutshall; William Dreibelbis, :
R.N.; Paul A. Noel, M.D.; Eugene H. :
Ginchereau, M.D.; Kathy Montag;  :
Jodie White; Andrea Norris, R.N.;  :
Joseph J. Silva, R.N.; Christopher  :
Oppman; Pennsylvania Department of :
Corrections                 :

## ***ORDER***

AND NOW, this 16th day of February, 2023, the Notice of Appeal filed *pro se* by Appellant Decedent Thomas Wisniewski's former counsel Marianne Sawicki is hereby DISMISSED.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Wisniewski,             :
               Appellant       :
                             :
          v.                  :   No. 912 C.D. 2021
                             :   Submitted: May 17, 2022
James F. Frommer, Jr., D.O.;     :
Andrew J. Dancha, D.O.;         :
Correct Care Solutions, LLC;     :
Deborah Cutshall; William Dreibelbis,:
R.N.; Paul A. Noel, M.D.; Eugene H. :
Ginchereau, M.D.; Kathy Montag;    :
Jodie White; Andrea Norris, R.N.;    :
Joseph J. Silva, R.N.; Christopher    :
Oppman; Pennsylvania Department   :
of Corrections                   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

DISSENTING OPINION
BY JUDGE DUMAS                           FILED: February 16, 2023

       I respectfully dissent, as I would quash the appeal for lack of subject matter jurisdiction.[1] In my view, the majority has failed to explain how the trial court had subject matter jurisdiction to enter the orders on appeal.

---

[1] An appellate court may always raise the issue of a court of common pleas' (trial court) or lower tribunal's subject matter jurisdiction *sua sponte*. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008). Alternatively, I would vacate the trial court's orders at issue and remand. *See, e.g.*, *NASDAQ OMX PHLX, Inc. v. PennMont Secs.*, 52 A.3d 296, 319-20 (Pa. Super. 2012) (vacating order resolving suit on the merits and remanding with instructions to dismiss the lawsuit because federal courts had exclusive subject matter jurisdiction). *Cf. In re Pet. for Enf't of Subpoenas Issued by Hr'g Exam'r in a Proceeding before Bd. of Med.*, 214 A.3d 660, 670 (Pa. 2019) (vacating this Court's order because this Court lacked original jurisdiction). It is well settled that we may cite to Superior Court cases for their persuasive value. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 653 n.20 (Pa. Cmwlth. 2021).

I suggest that the case law supports the following conclusions.  First, when a trial court or other lower tribunal lacks subject matter jurisdiction but nonetheless substantively resolves the claims before it, an appellate court will quash the appeal.  Second, when a trial court or other lower tribunal lacks subject matter jurisdiction and dismisses one or more claims for lack of subject matter jurisdiction, an appellate court may affirm, reverse, or otherwise address the order.[2]  The distinction between the two conclusions is that for the latter, the trial court's order is *not* an order that enters upon or otherwise embarks on the inquiry of the *merits* of the claims.[3]  Thus, an appellate court may review the trial court's order resolving its *own* subject matter jurisdiction, as that is not a merits-based decision.[4]  My reasoning follows.

---

[2] I need not discuss the appealability of an order that dismisses some, but not all, claims for lack of subject matter jurisdiction.

[3] *See Commonwealth v. Reid*, 235 A.3d 1124, 1143 n.10 (Pa. 2020) (noting, "[w]hen the jurisdiction does not exist then all the acts of the tribunal are void and of [no] effect, and may be so treated in any collateral proceeding.  Where there is no jurisdiction there is no authority to pronounce judgment, and consequently a judgment so entered . . . has no substance, force, or authority." (cleaned up)).  "A court devoid of jurisdiction over the case cannot hear the case, address or consider the merits of the case, cannot make a decision or order in favor of either party, and cannot render a summary judgment, as such a decision would be on the merits of the action. It can only dismiss the case for want of jurisdiction."  20 Am. Jur. 2d Courts § 63 (2023) (cleaned up); *accord* 21 C.J.S. Courts § 102 (2022).

[4] *Commonwealth v. Danysh*, 833 A.2d 151, 152 n.1 (Pa. Super. 2003) (explaining that an appellate court may exercise its jurisdiction over a lower court order holding it lacks subject matter jurisdiction, "since otherwise, we could never (at least theoretically) review such an order." (citation omitted)); *see also, e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it.  When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (cleaned up)).  Of course, any appeal from such an order must be timely and otherwise properly invoke our appellate jurisdiction. *See, e.g.*, *Martin v. Zoning Hr'g Bd. of W. Vincent*, 230 A.3d 540, 544 (Pa. Cmwlth. 2020).  In *Martin*, the administrative board resolved an untimely appeal.  *Id.* at 543.  The losing party (Footnote continued on next page…)

I begin with the premise that every judicial decision must be contextually read against its facts and procedural posture. *Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 485-86 (Pa. 2009).[5] With that premise in mind, I acknowledge that for decades, our courts have improperly used "jurisdiction" and "power" interchangeably. *In re Motion Picture Exhibitions on Sunday in Borough of Hellertown*, 47 A.2d 273, 276 (Pa. 1946) (*Hellertown*).

"Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs." *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628, 636 (Pa. 2021) (citation omitted).[6] Jurisdiction is a

---

appealed to the trial court, which sustained the appeal and vacated the board's order for lack of jurisdiction. *Id.* On appeal to this Court, the *Martin* Court agreed with the trial court that the board lacked jurisdiction but that the trial court should have vacated the board's order and quashed the appeal. *Id.* at 548 (citing *In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (citing *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001)).

[5] "Notably, the axiom that decisions are to be read against their facts[] prevents the wooden application of abstract principles to circumstances in which different considerations may pertain." *Maloney*, 984 A.2d at 485-86 (cleaned up). Construing the general language of a decision's holding literally "is a path to error" that results in "unintentional extension of governing principles." *Lance v. Wyeth*, 85 A.3d 434, 453-54 (Pa. 2014) (cleaned up).

For example, the majority cites *Nelson v. Estate of Massey*, 686 A.2d 1350 (Pa. Super. 1996), for the apparent proposition that an appellate court can affirm a trial court's order denying relief to amend the complaint to name the personal representative of the estate. *Wisniewski v. Frommer* (Pa. Cmwlth., No. 912 C.D. 2021, filed February 16, 2023) (*Wisniewski II*), slip op. at 6. *Nelson* is factually distinguishable because there was no issue as to the absence of a personal representative of the estate—unlike the case at bar. *See Nelson*, 686 A.2d at 1351. In *Nelson*, the plaintiff simply failed to timely amend his complaint to name the known, existing personal representative. *See id.* Even the *Nelson* Court acknowledged that if "no personal representative [was] appointed, the plaintiff's remedy is to secure the appointment of a personal representative by applying to the Register of Wills for the issuance of letters testamentary or letters of administration." *Id.* (discussing *Finn v. Dugan*, 394 A.2d 595 (Pa. Super. 1978)).

[6] *Accord Hellertown*, 47 A.2d at 276 (stating, "[j]urisdiction relates to the field of litigation in which a court has authority to adjudicate. Power refers to what a court can do in that field under a given set of circumstances." (footnote omitted)).

prerequisite to a trial court's power to adjudicate the issues, *i.e.*, act on the merits. *In re J.M.Y.*, 218 A.3d 404, 415 (Pa. 2019). In other words, if a trial court lacks subject matter jurisdiction, then it lacks the power to enter upon or otherwise embark on the inquiry of the merits of the claim. *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 (Pa. 2004).

For example, the "death of a party divests a court of subject matter jurisdiction over claims brought by or against the deceased party." *Grimm v. Grimm*, 149 A.3d 77, 84-85 (Pa. Super. 2016). Thus, any post-death filings and court orders resolving same are null and void. *Id.* at 85-86 (vacating judgment of *non pros* because the underlying filing was a nullity).[7]

To restore the trial court's subject matter jurisdiction following the death of a party, two steps must occur. First, a personal representative must be appointed for the estate. *Id.* at 84; *Nelson*, 686 A.2d at 1351. The Register of Wills exercises exclusive original jurisdiction over the appointment of a decedent's personal representative. 20 Pa. C.S. §§ 711(12), 901; *In re Estate of Wisniewski*, 283 A.3d 811, 813 (Pa. Super. 2022) (stating that "original jurisdiction over petitions for letters of administration rests with the local register of wills"); *see also Nelson*, 686 A.2d at 1351. In contrast, the Commonwealth Court has no jurisdiction to resolve disputes over the appointment of a personal representative. *Yakowicz v. Costigan*, 331 A.2d 238, 241 (Pa. Cmwlth. 1975) (dismissing complaint because the Register of Wills has exclusive jurisdiction to appoint administrators and the Orphans' Court has exclusive appellate jurisdiction); *accord* 20 Pa. C.S. § 711;

---

[7] "Specifically, this Court and our Supreme Court have repeatedly used the terms 'null' and 'void' when discussing the effect of a filing after a party dies." *Grimm*, 149 A.3d at 85 (citations omitted).

*Wisniewski*, 283 A.3d at 813. Second, the appointed personal representative must be substituted in the decedent's place. *Grimm*, 149 A.3d at 84.

Here, the majority holds that the trial court "unquestionably had subject matter jurisdiction" and "was competent to address" and issue orders resolving Marianne Sawicki's post-death filings. *Wisniewski II*, slip op. at 5-6 & n.4. I respectfully disagree.

I disagree because as set forth above, and as the *Wisniewski* Court held, Sawicki failed to file a petition for letters of administration before the Register of Wills, which has original jurisdiction. *See, e.g.*, *Wisniewski*, 283 A.3d at 813; *Nelson*, 686 A.2d at 1351. Because no personal representative was appointed for the estate, the instant trial court could not substitute the personal representative for the decedent. *See Grimm*, 149 A.3d at 84. The two-step process for restoring the trial court's subject matter jurisdiction following the death of a party did not occur. *See id.*

Without subject matter jurisdiction, the trial court had no *power* to enter upon or otherwise embark on any merits analysis of Sawicki's filings. *See Heath*, 860 A.2d at 29. Accordingly, in my opinion, Sawicki's post-death filings and the trial court's orders resolving same are null and void. *See Grimm*, 149 A.3d at 84-85. Any appeals therefrom must be quashed as the *trial court* lacked subject matter jurisdiction to enter the orders at issue. *See id.* Framed differently, if the underlying merits orders are null and void, then no appeal can ultimately lie as this Court has nothing to "review."[8]

---

[8] The majority cites *Rosenberg v. Silver*, 97 A.2d 92, 94 (Pa. 1953), in support. *Wisniewski II*, slip op. at 5. The case is inapt because *Rosenberg* involved an administrator that was appointed for the deceased defendant. *Rosenberg*, 97 A.2d at 93. Here, no administrator was appointed, and Sawicki did not file a petition of record with the Register of Wills. *Wisniewski*, 283 A.3d at 813.

The majority simply fails to explain how, after Wisniewski's death, the trial court's subject matter jurisdiction was restored such that it could rule on Sawicki's post-death filings. Thus, because no personal representative had been appointed, I would vacate the trial court's orders and quash Sawicki's appeal. *See Sahutsky*, 782 A.2d at 1001 n.3.[9]

LORI A. DUMAS, Judge

---

[9] It follows that I need not address whether Sawicki had standing to appeal as subject matter jurisdiction is a prerequisite condition.

To the extent the majority implies that Sawicki has no avenue for relief, I reiterate that Sawicki must pursue relief before the Register of Wills, which has exclusive jurisdiction over letters of administration. *See Wisniewski*, 283 A.3d at 813. Certainly, this Court lacks subject matter jurisdiction. *See Yakowicz*, 331 A.2d at 241.